(16 Misc. Rep. 195.)

## PEOPLE v. HILDEBRANDT.

(Queens County Court. February, 1896.)

1. CRIMINAL LAW—ABSENCE OF COUNSEL—CONTINUANCE.
   Where defendant, charged with a misdemeanor, is granted an adjournment to employ counsel, and subsequently appears by counsel, he is not entitled, as a matter of right, to further delay on the adjourned day, because of his counsel's absence.

2. SAME—MATERIAL WITNESSES—INSUFFICIENT SHOWING.
   A motion for a continuance because of the absence of important witnesses must be denied where no excuse is given for their absence, and no proof is offered that they had been subpœnaed, that they were within the jurisdiction of the court, or that the testimony was material.

3. COURT OF SPECIAL SESSIONS—APPEAL—NEW TRIAL.
   An appeal from a court of special sessions to the county court must be heard on the original return, under Code Cr. Proc. § 763; and while a new trial may be granted thereon, under section 764, affidavits and other papers may not be received in support of an application for a new trial.

4. CRIMINAL LAW—EXCESSIVE SENTENCE—APPEAL.
   On appeal from a court of special sessions to the county court, where the objection that the sentence is excessive is not presented as error by the appeal affidavit, and the return does not bring with it the evidence showing the facts out of which the offense arose, the judgment will not be modified.

Appeal from court of special sessions.

Christian Hildebrandt, in a court of special sessions, was convicted of a violation of the regulations of the board of health of the town of Newtown, and from a judgment on the verdict appeals. Affirmed.

George C. Moore, for appellant.
Daniel Noble, Dist. Atty., for the People.

GARRETSON, J.   The appellant was convicted in a court of special sessions, held by the police justice of the town of Newtown, of a misdemeanor arising under section 211 of the Penal Code, for a violation of the general orders and regulations of the board of health of that town, and sentenced to pay a fine of $50, and to be imprisoned in the county jail for the term of sixty days.   The alleged grounds of error urged by him as calling for a reversal of the judgment are:   First, that he was compelled to go to a trial without the aid of counsel; and, second, that he was denied by the court an adjournment because of the absence of two important and material witnesses.   So much of the proceedings in the court below as are relevant to these allegations of error have been returned by the police justice, as required by section 756 of the Criminal Code, and, as no amended or further return has been made under section 757, we are necessarily confined to the matters thus presented in the consideration and determination of the appeal.   Id. § 763.   The appellant was arraigned before the police justice on September 23d, and pleaded not guilty, and the case was adjourned to the 25th then instant, at the appellant's request, to enable him to consult with his counsel.   On the last-named day the appellant appeared with his counsel, and the prosecutor and counsel for the people were also present and ready to proceed with the trial.   The appellant asked for a further adjournment, which was refused by the police justice, whereupon the appellant demanded a jury, and the case was adjourned to October 1st, at 2 p. m., upon which day he appeared without his counsel, and asked that the trial be postponed until 3 p. m., to enable his counsel to appear, and also moved that the case be again adjourned, owing to the absence of two of his witnesses.   The police justice informed him that the motion to adjourn would be considered if the appellant would make an affidavit that the witnesses were material, and that the appellant could not safely proceed to trial without them.   This affidavit not being made, the motion to adjourn was denied, a jury impaneled and completed at 3:15 p. m., and the trial commenced. The people were represented by counsel, and the appellant acted in his own behalf.   Witnesses for the people and appellant were sworn and examined; the appellant examined his own and cross-examined the people's witnesses; the case was summed up by both sides; the jury were charged by the police justice, and, after due deliberation upon their part, a verdict of guilty was rendered. While it might have been to the advantage of the appellant to have been assisted by counsel, yet we cannot say that the absence of counsel operated to his prejudice.   It cannot be so gathered from the return, and it may not be so presumed.   The law does not do more at the outset of any criminal action than give a defendant an opportunity to employ counsel.   If he undertakes to secure professional assistance, the responsibility for the presence of counsel, as well as for the consequences of his absence, rests upon the defendant.   This case is not one where a defendant is a poor person, and for lack of means was compelled to conduct his own defense.   The appellant was granted one adjournment to procure

counsel. Having availed himself of this opportunity, he appeared by counsel on the adjourned day, and secured further time, incidentally to his demand for a jury. On the last adjourned day no excuse was offered for his counsel's absence, and he was not entitled as of right to further delay. The people were ready for trial, and had been so ready on the previous day, and the orderly administration of justice, as well as a proper regard for the rights of the prosecution, in the absence of a sufficient reason to the contrary presented by the appellant, required that the court should proceed with the case. The mere absence of the attorney or counsel of the accused as ground for postponement of a trial is not favored by the court in any case, especially if a prior postponement has been had. And it will not be seriously questioned that, where a defendant is charged with a misdemeanor, a criminal court, whether of record or not of record, may, in the absence of counsel, proceed with the trial, particularly if no sufficient excuse, such as sudden illness rendering it impracticable to secure other counsel in time, is presented. It is the practice of magistrates empowered to hold courts of special sessions to inform the defendant, when arraigned, of his right to counsel, and to give him time to secure counsel if he so desires, and we are disposed to regard this course of procedure with favor, and to require its observance in all cases, particularly in view of the provisions of section 8 of the Code of Criminal Procedure and of article 1, § 6, of the constitution, which guaranty to every person the right to appear and defend in person and with counsel in any trial and in any court, wherever accused of crime; yet it has been held that an omission by the magistrate holding such a court to inform the defendant of his right to counsel was not error. People v. Cook, 45 Hun, 34.

We are also of the opinion that the appellant has no just cause for complaint that the police justice denied his motion for an adjournment upon the ground of the absence of his witnesses. There was no excuse given for their absence; no proof made or offered that they had been subpœnaed, or even that they were within the jurisdiction of the court, and could be compelled to attend by subpœna; and the omission of the defendant to show that their testimony was material to the defense made it incumbent upon the police justice to deny the motion. It was suggested by the appellant's counsel upon the argument that, being a layman, inexperienced and unlearned in the law, the appellant could not comply with the ruling of the police justice, and prepare the required affidavit setting forth the materiality of the testimony of the absent witnesses, and the reasons why they were not present in court. Granting this to be the fact, still it does not appear that the police justice was unwilling or refused to take proof in that regard, either in the form of a deposition or by affidavit, and we cannot presume that he omitted to perform any duty which the law imposed upon him to the prejudice of the rights of the appellant.

The appellant's counsel also urged upon the argument that this court had the power upon this appeal to grant a new trial in analogy to the practice which prevails in the supreme and county courts

upon a conviction after indictment, and has presented affidavits setting forth facts in support of a motion therefor. Such a course would be unprecedented under the present system of criminal procedure. A judgment upon conviction, rendered by a court of special sessions, may be reversed by the county court upon appeal, and not otherwise. Code Cr. Proc. § 749. As we have already stated, the appeal must be heard upon the original return (Code Cr. Proc. § 763), and affidavits and other papers may not be received in support of an application for a new trial. In a proper case the appellate court may grant a new trial (Id. § 764) where it appears from the return that error has been committed in the court below which requires that the judgment upon conviction be reversed, and justice demands that the appellant should again answer the charge upon the merits, in which event the new trial is had in the county court (Id. § 768). The foregoing disposition made by us of the only alleged grounds of error presented by the appeal affidavit leaves nothing before us to be considered as a reason why a new trial should be had.

We are also unable to entertain the appellant's contention that the sentence be modified because excessive and severe, for the reason that it is not presented as an alleged ground of error by the appeal affidavit, and for the further reason that the return does not bring with it the evidence, and we have no means of knowing the facts out of which the offense arose. The judgment upon conviction, appealed from, should be affirmed.

Judgment affirmed.