(91 App. Div. 529.)

## PEOPLE v. CALABUR.

(Supreme Court, Appellate Division, Second Department. March 11, 1904.)

1. CRIMINAL LAW—APPEALS—REVERSALS—DISCRETIONARY POWER—RIGHT OF ACCUSED TO COUNSEL.

Const. art. 1, § 6, guaranties to persons accused the right to appear and defend in person and with counsel. Code Cr. Proc. § 527, permits the Appellate Division to order a new trial, where the verdict is against the weight of evidence or against law, or where justice requires it, whether any exception shall have been taken below or not. *Held*, that where an Italian, who understood no English, was put upon trial five days after his arraignment, and after a continuance because of his counsel's unpreparedness was refused counsel excepted and withdrew from the case, taking no part in the cross-examination of witnesses, and putting in no evidence, and refusing to sum up to the jury, a judgment of conviction would be reversed, although no legal error was presented by the exception.

Appeal from Special Term.

Dominico Calabur was convicted of assault in the first degree, and appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Francis L. Corrao, for appellant.
Robert H. Roy, for respondent.

WOODWARD, J. The defendant, Dominico Calabur, an Italian, age about 20 years, stands convicted of the crime of assault in the first degree, and has been sentenced to state prison for a term of nine years. It appears from the record that Calabur was arrested on the evening of May 15, 1903, at the corner of Sackett and Beach streets, in the borough of Brooklyn, charged with assaulting one Felice Amodei, on Union street. At the time of his arrest Calabur was attempting to run away from the scene of the crime. He was taken before a magistrate, and pleaded not guilty to the charge, but upon examination was held to await the action of the grand jury, and that body, on the 8th day of July, 1903, found an indictment against him for

assault in the first degree. On the following day the defendant was arraigned on this indictment, and a plea of not guilty was entered. At this time the defendant and his counsel were told by the court that the case would come on for trial on the following Tuesday, five days hence, with a Sunday intervening. On the day mentioned, July 14th, the case was reached, and defendant's counsel asked for a continuance of the case, urging that he had not been served with the customary notice on the part of the district attorney that the case would be moved; that he was not ready to go on with the trial, as he had not had sufficient time to prepare; that he had been prevented from working on the case by reason of the excessive heat; and that the defendant had no witnesses in court to enable him to go on with the defense. The learned court refused any adjournment, and stated that "at the time this man was arraigned the counsel for the defendant was present in court, and the court informed the attorney for the defendant that we would try the case to-day." The defendant's objections were overruled, defendant took an exception, and the trial proceeded, defendant's counsel refusing to cross-examine the witnesses produced by the people, to sum up the case to the jury, or to take any part in the trial, except to reiterate his objections to the case being tried under the circumstances. The people put in their evidence, without any effort on the part of the court or defendant's attorney to make any inquiry into the merits of the case, aside from the direct examination of the witnesses for the prosecution, and after the people had summed up the case the court charged the jury, and that body found a verdict of guilty as charged in the indictment. Defendant appeals from this conviction.

We think there is no exception in this case presenting legal error, and yet we feel that the circumstances surrounding this trial justify granting a new trial under the provisions of section 527 of the Code of Criminal Procedure, which permits this court to order a new trial "if it be satisfied that the verdict against the prisoner was against the weight of evidence or against law, or that justice requires a new trial, whether any exception shall have been taken or not in the court below." In the customary and orderly administration of the law, as well as by constitutional guaranty, "in any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel" (article 1, § 6, State Const.); and this right has practically been denied to the defendant, who appears to have been unable to understand the proceeding, while the court permitted his counsel to withdraw from the case to all intents and purposes, leaving him without those safeguards which belong of right to every man whose liberties are involved. It is true, of course, that the defendant was present at the trial; but he might as well have been back in Italy, so far as any defense on his part was concerned, if he could not understand what was taking place about him, or if he was given no opportunity to assert his rights. The fact that his counsel was present, if he refused to take part in the trial, did not meet the requirements of what we know in this country as a fair trial. As was said by Mr. Justice Hatch in the case of People v. Watkins, 23 App. Div. 253, 257, 48 N. Y. Supp. 856, 859: "The court should protect against

the mistake of the counsel for the party as well as against the affirmative action of his adversary, if injustice be the result." The fact that the defendant's counsel may have neglected his duty, or that the court failed to provide the accused with counsel, ought not to stand in the way of giving this boy a fair and impartial trial of the charges against him.

The defendant is a stranger in a strange land; he is entitled to a fair and impartial trial of this indictment, with the aid and assistance of competent counsel, and we feel that this is a case in which the discretion vested in this court should be exercised, that this result may be accomplished.

The judgment of conviction should be reversed, and a new trial granted. All concur.