PEOPLE v. ROBARGE.

(Supreme Court, Appellate Division, Third Department.   November 15. 1911.)

CRIMINAL LAW (§ 594*)—CONTINUANCE—ABSENCE OF WITNESSES—DISCRETION
OF COURT.

> Refusal to postpone a trial on the ground of the absence of accused's witnesses, unable to attend on account of sickness, as disclosed by the uncontradicted affidavits of accused and two physicians, is an abuse of discretion, necessitating a new trial, in the absence of facts in the record disclosing a reason within the knowledge of the trial court for the refusal.

> [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1321, 1322, 1332;  Dec. Dig. § 594.*]

Appeal from Franklin County Court.

Julia Robarge was convicted of crime.   From a judgment of conviction, and from an order denying an application for an order remitting a portion of the sentence, she appeals.   Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Charles A. Burke, for appellant.
John W. Genaway, for the People.

SMITH, P. J.   As to the order refusing to remit part of the sentence, this court finds no reason for its reversal.   That question becomes academic, however, in view of the conclusion which we have reached that the County Court committed error in refusing to postpone the trial.   The affidavits upon such application showed clearly that at least two material witnesses were unable to be present in court, by reason of sickness.   This is shown by the affidavit of the defendant herself, and also by the affidavit of two physicians who were in attendance upon these two witnesses.   It may be that the evidence of these witnesses would not have changed the result, but without the evidence in the record, while we may assume that there was sufficient evidence to convict, we may not assume that the case was so overwhelmingly proven that the evidence of these witnesses would have been material.   There may have been reasons which led the County Court to question the good faith of the application.   But the difficulty is that those reasons, if they existed, have not been spread upon the record, so that we have only the application of the defendant, well supported, without any opposing affidavits, or any grounds shown in the record to question the good faith of the application. Where, upon such an application, the trial judge has knowledge of facts which cast suspicion thereupon, he should see to it that such facts be put upon the record, so that the appellate court can have all the facts upon which he acted in passing upon the application.   While wide discretion is given to the trial judge in determining such applications, his determination cannot be sustained, in the absence of any facts in the record which questions its good faith.   This ruling pre-

sents such error as compels us to reverse the judgment and grant a new trial.

Judgment of conviction in Franklin County Court reversed, and new trial granted. All concur.