### PEOPLE v. ABETTI et al.

(Court of General Sessions of the Peace, New York County. April, 1914.)

1. CRIMINAL LAW ⟨key⟩641—RIGHT TO COUNSEL—INFORMATION OF DEFENDANT BY COURT.

Although the provisions of Const. art. 1, § 6, and Code Cr. Proc. § 188, providing that the ·magistrate must immediately inform a defendant of his right to employ counsel, does not apply to summary proceedings, as a prosecution as for misdemeanor, not had upon indictment, nevertheless the better practice is for such magistrate to give such information in all cases.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1496–1505; Dec. Dig. ⟨key⟩641.]

2. CRIMINAL LAW ⟨key⟩641—DUE PROCESS OF LAW—CRIMINAL PROSECUTION—RIGHT TO EMPLOY COUNSEL—"WAIVER."

Where defendants, charged with misdemeanor, being unable to speak English, when arraigned, permitted the trial to proceed, but, as soon as they understood that such in fact was the case, requested they be allowed to hire a lawyer, nevertheless the refusal of their request by the court rendered their conviction improper, since they had made no waiver of the right to counsel given by Const. art. 1, § 6, express or implied; "waiver" being the intentional relinquishment of a known right, with full knowledge of its existence and an intention to relinquish it (citing Words and Phrases, Second Series, Waiver).

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1496–1505; Dec. Dig. ⟨key⟩641.]

Appeal from Magistrate's Court, City of New York, First Division, Third District.

Francesco Abetti and others were convicted of disorderly conduct tending to a breach of the peace, and appeal. Reversed.

Palmieri & Wechsler, of New York City, for appellants.

Charles S. Whitman, Dist. Atty., of New York City (James A. Delehanty, Asst. Dist. Atty., and Morris Koenig, both of New York City, of counsel), for the People.

WADHAMS, J. This is an appeal from a judgment convicting the defendants of disorderly conduct. The defendants were arraigned in the Night Court, which adjourned the trial to the following day. The defendants testified through an interpreter, and one of them, in answer to an inquiry whether the adjournment was had for the purpose of securing a lawyer, said:

"Yes; there was no interpreter. I couldn't explain my business."

The next morning, when the case was called for trial, no attorney appeared for the defendants, and nothing was said either by the court or the defendants concerning their being represented by counsel until two police officers had been examined. At the conclusion of the examination of the first officer by the assistant district attorney, and with-

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

out an opportunity for cross-examination having been given, the second officer was called and examined by the court. The court then said to the interpreter:

"Tell the defendants what the officers have testified to."

Whereupon the defendants, through the interpreter, replied:

"We want to hire a lawyer, Judge Palmieri."

And the court said:

"They must go on now; they are charged, not with a felony, but with disorderly conduct. They are not entitled to a lawyer, but they are entitled to cross-examine these police officers, if they choose, and that is all. I want you to ask them if they wish to cross-examine the officers."

In my opinion the refusal of the magistrate to give the defendants an opportunity to employ counsel under these circumstances was reversible error.

[1] It is urged in support of the judgment that the magistrate was under no obligation to advise the defendants of their right to employ counsel. It has been held that part 4 of the Code of Criminal Procedure, entitled "Of the Proceedings in Criminal Actions Prosecuted by Indictment," being sections 133 to 698, inclusive, has no bearing upon actions prosecuted without indictment. People v. Johnston, 187 N. Y. 319, 79 N. E. 1018. On this ground it has been held that the provisions of section 188, providing that the magistrate must immediately inform a defendant of his right to the aid of counsel in every stage of the proceeding, does not apply to a summary proceeding before a magistrate, and his omission to inform the defendant of his right to counsel is not error. People ex rel. Farley v. Crane, 94 App. Div. 400, 88 N. Y. Supp. 343; People v. Giles, 12 App. Div. 495, 42 N. Y. Supp. 749; People v. Cook, 45 Hun, 36; People v. Burns, 19 Misc. Rep. 680, 44 N. Y. Supp. 1106; People v. Hildebrandt, 16 Misc. Rep. 195, 38 N. Y. Supp. 958. It was upon this ground that the judgments were affirmed in People ex rel. Berdenich v. Collins et al., decided in this court on January 9, 1913. These decisions did not, however, hold that the defendant is not entitled to be represented by counsel, even in a summary proceeding, if he demands it.

This right is guaranteed by the Constitution of the state of New York, which by article 1, section 6, provides:

"In any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions."

The constitutional provision is restated in the Code of Criminal Procedure in section 8, entitled "Rights of Defendant in a Criminal Action," wherein it is provided, by subdivision 2, in a criminal action the defendant is entitled "to be allowed counsel as in civil actions, or he may appear and defend in person and with counsel." The distinction between a failure on the part of the magistrate to advise the defendant of his right to counsel and the refusal to permit a defendant to be represented by counsel, has been heretofore pointed out in this court. Judge Rosalsky, in his opinion in the Young Case, said:

"If the defendant had asked the magistrate for an opportunity to be represented by counsel and the magistrate had refused her request, the proceeding

would have been a nullity, because a defendant, under our Constitution and Bill of Rights, is entitled to be represented by counsel in any trial had in any court whatever."

And in the Collins Case, in almost identical language, Judge Rosalsky again pointed out the distinction. Although in proceedings not prosecuted by indictment the magistrates are not expressly required by the statute to inform a defendant of his right to aid of counsel, the better practice is to do so. In People v. Hildebrandt, 16 Misc. Rep. 195, at page 197, 38 N. Y. Supp. 958, at page 960, it was stated:

"It is the practice of magistrates empowered to hold Courts of Special Sessions to inform the defendant, when arraigned, of his right to counsel, and to give him time to secure counsel if he so desires, and we are disposed to regard this course of procedure with favor, and to require its observance in all cases, particularly in view of the provisions of section 8 of the Code of Criminal Procedure and of article 1, section 6, of the Constitution, which guarantees to every person the right to appear and defend in person and with counsel in any trial in any court wherever accused of crime. * * * "

This court has heretofore indicated its approval of such practice. In the Young Case, supra, Judge Rosalsky said:

"It does seem to me, however, that since the magistrates have greater power to-day in proceedings of summary character than they ever had before, the better practice would be for them to inform the defendant of his rights when arraigned upon a charge where they have summary jurisdiction. While it is true that every person is presumed to know the law, nevertheless, it is safe to assert that at least 99 per cent. of the defendants brought to the Magistrates' Courts are not familiar with the privileges and rights which they enjoy under our wise and beneficent system of government."

And in the Collins Case, supra, Judge Rosalsky again stated:

"It seems to me, however, that it would be better practice for magistrates to inform a defendant as to his rights."

In the case of People v. Bernhardt, in a decision handed down by Judge Malone on November 30, 1910, this court again emphasized the right of defendants in summary proceedings to be represented by counsel.

In view of the continuance of appeals, due to the confusion caused by the limitation of the statutory requirements that a defendant be informed of his rights to employ counsel in cases prosecuted by indictment, as distinguished from other cases in which proceedings are had before a magistrate, the attention of the Legislature is called to the advisability of so amending the Code of Criminal Procedure as to require that in all cases, whether prosecuted by indictment or otherwise, the magistrate should be required to inform the defendant of his right to the aid of counsel.

[2] But it is contended that the defendants waived their right to be represented by counsel when they failed to assert their right at the commencement of the trial. It has been held that a defendant in a criminal case may waive rights given him by statute and even constitutional provisions intended for his benefit. Pierson v. People, 79 N. Y. 429, 35 Am. Rep. 524; People v. Rathbun, 21 Wend. 509, 542. In the case before me there is no express waiver of the provision of the Constitution by virtue of which the defendants were entitled to be represented by counsel.

It is urged, however, that, as the defendants stood silent when the trial was actually begun, such silence was an implied waiver. In People v. Hildebrandt, 16 Misc. Rep. 195, at page 197, 38 N. Y. Supp. 958, at page 959, cited in support of this contention, Judge Garretson, affirming a judgment of conviction, said:

"The law does not do more at the outset of any criminal action than give a defendant an opportunity to employ counsel."

In that case, however, an adjournment had been had for the purpose of securing counsel, who upon the adjourned day *had appeared,* and thereafter on a second adjournment, no excuse being offered, had failed to attend upon the trial.

It may well be that in a case where a defendant had proceeded to trial without having made any request to be represented by counsel (there being nothing in the record to show that he was not fully aware of and able to assert his right), he could not thereafter be heard to complain that he had not been permitted to go to trial with the aid of counsel. It has been held in other jurisdictions that the constitutional right of the defendant to be represented by counsel may be waived, and that such waiver will be implied where the defendant goes to trial without asserting that right. In State v. Raney, 63 N. J. Law, 363, 43 Atl. 677, Chief Justice Magie said:

"The right and privilege in question in this case is thus capable of being waived. In the absence in the record and proceedings of any indication that the accused desired the assistance of counsel and was denied it, it will be presumed that he failed to ask that counsel be assigned for his defense, and chose to defend himself."

So it has been held that there must be a request for and a denial of counsel shown to constitute error, and that a denial will not be presumed. Barnes v. Commonwealth, 92 Va. 794, 23 S. E. 784. See, also, State v. De Serrant, 33 La. Ann. 979. A waiver has been defined as "the intentional relinquishment of a known right with full knowledge of its existence and an intention to relinquish it" (Bouvier's Law Dictionary), and such a waiver is implied whenever it may be reasonably and fairly inferred from the act or omission or silence of the party who has the power of waiving (Words and Phrases, vol. 4).

It has been held that it need not appear that a defendant had expressly waived his right to trial by jury to render valid the judgment of conviction. People v. Goodwin, 5 Wend. 253; People v. Luczak, 10 Misc. Rep. 590, 32 N. Y. Supp. 219. In the case of People v. Luczak Judge Hatch said:

"It was held under the original act, where the right to demand a trial by jury was given, that it was not necessary for the court to inform the prisoner of his right to be tried by a jury or that he should expressly waive such right to render valid the judgment of conviction."

In distinguishing People v. Mallon, 39 How. Prac. 454, Judge Hatch said:

"The discussion upon this point was not necessary to a determination of the question presented, for it there appeared that defendant demanded a trial by jury, which was refused. In the present case defendant made no objection to the trial proceeding before the court, and he must be held to have elected to be so tried."

In the case before me, likewise, it is not necessary to determine whether the privilege to be represented by counsel, guaranteed by the Constitution, will be deemed to have been waived by not asserting it at the commencement of a trial, for the reason that in this case there is affirmative evidence that the defendant did not intend to waive that right.    Upon their arraignment in the Night Court they had stated that they desired the presence of counsel, and there is no evidence that after having made such request they had at any time expressed a willingness to proceed without counsel.    The adjournment from the night session until the morning did not afford a sufficient opportunity to secure counsel, and there is no evidence that any message for counsel had actually been sent.    Moreover, the defendants did not understand the English language, and as soon as they were informed at the trial next morning by direction of the court through the interpreter what was taking place they notified the court that they desired to have counsel.    A waiver, if implied, is implied from the fact that, having proceeded without counsel, defendant thereby intended to dispense with counsel; whereas in this case it is clear that these defendants desired counsel at the outset and reiterated their demand at the first opportunity given them to make known their wishes.    When the magistrate instructed them that they must go on with the case, and told them that they were not entitled to a lawyer, he did not do so upon the ground that they had waived the right to be represented by counsel, but upon the ground that they were not entitled to counsel, because they were charged, "not with a felony, but with disorderly conduct."    Again, at the conclusion of the case, the court said:

"I want it to be understood by these men that everything has been accorded them that by law should be.  They are not by law entitled to the aid of counsel.  It is only in case of felony—cases prosecuted by indictment—that they are entitled to the aid of counsel;  otherwise, counsel come in simply by courtesy."

The defendants were clearly entitled to be represented by counsel, whether the charge was felony or disorderly conduct, and had not in my opinion waived that right.

Judgment is reversed, and a new trial ordered.

---

### In re DUFFY'S ESTATE.

. (Surrogate's Court, New York County.    April 19, 1915.)

1. WILLS ⬯439—CONSTRUCTION—INTENTION.
    Where the intention of the testator is not clearly expressed in the will, the court must resort to the established rules of construction to determine it.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957;  Dec.  Dig. ⬯439.]