(89 Misc. Rep. 269)

### PEOPLE v. BRACKERTON et al.

(Court of General Sessions, New York County. February, 1915.)

CRIMINAL LAW ⬥⇒594—APPEAL—GROUND FOR REVERSAL—DAY IN COURT.

 Where, in a prosecution for violating an ordinance prohibiting the selling or offering for sale of any ticket of admission to any performance of a licensed place of amusement, defendants requested an adjournment to produce witnesses, and the magistrate stated, on a renewal of the request during the trial, that if defendants should bring 20 witnesses to contradict the officer that would not cause him to disbelieve the officer, defendants were denied their day in court, and hence were entitled to a reversal of the judgment.

 [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1321, 1322, 1332; Dec. Dig. ⬥⇒594.]

Appeal from City Magistrate's Court.

Larry Brackerton and others were convicted of violating a city ordinance, and appeal. Reversed, and new trial granted.

Arthur C. Mandel, of New York City, for appellants.

James E. Smyth, Deputy Asst. Dist. Atty., of Brooklyn, for the People.

ROSALSKY, J. The defendants above named appeal from a judgment rendered in the City Magistrate's Court, convicting them of a violation of a city ordinance which prohibits the business of selling or offering for sale on the streets of this city any ticket of admission to any performance or exhibition of any duly licensed theater or other public place of amusement. City Ordinances, § 1, approved by the mayor February 16, 1911.

It appears from the affidavit in support of the allowance of the appeal to this court that the defendants were not represented by counsel; that, when the defendants were arraigned, the defendant Brackerton asked the magistrate for an adjournment for the purpose of producing witnesses to disprove the charge; that the magistrate replied that, if in the course of the trial it should be necessary for the defendants to call witnesses, an adjournment would be granted; and that the magistrate immediately proceeded to hear the officer's testimony.

The stenographer's minutes fail to disclose that the defendants, at the time the case was called for trial, requested a postponement for the purpose of producing witnesses; but the minutes do show that at the

close of the testimony of the police officer the court said, "That seems all there is to it," whereupon the defendant Brackerton replied:

"We have two witnesses to prove we never sold a ticket in the hallway. We have got our lease there."

The record further shows that during the course of the proceedings this defendant again requested an adjournment, and the following occurred:

"Mr. Brackerton: I would like to have it adjourned until to-morrow morning.

"The Court: There is no reason to do it; the officer states that he saw you.

"Mr. Brackerton: But, your honor, I want to prove that there was no tickets sold, and I want to prove that there was no money passed.

"The Court: *If you bring twenty witnesses, and they say different from what the officer testifies to, that won't make me disbelieve the officer.*"

While wide discretion is given to a magistrate or to a trial judge in determining an application for an adjournment, such discretion should not be arbitrarily or capriciously exercised. There is nothing in the record to show that the defendants' application was not made in good faith, and, if the magistrate had reason to question their motive in making it, he should have developed that fact upon the record, so that this court could determine whether or not the defendants' rights were prejudiced by the refusal to grant the adjournment. In the absence of any evidence to the contrary, I must assume that the rights of the defendants were clearly prejudiced, and that no opportunity was afforded to them to have their day in court.

In People v. Mulcahy, 153 N. Y. Supp. 912, decided by me on October 30, 1914, I reversed the judgment of conviction because of the refusal of the magistrate to grant an adjournment in order to allow the defendant to produce a material witness to contradict the testimony of the complainant, as this was in violation of one of the defendant's rights, namely to produce witnesses in his behalf in accordance with subdivision 3 of section 8 of the Code of Criminal Procedure.

In People v. Robarge, 147 App. Div. 920, 131 N. Y. Supp. 901, the judgment of conviction was reversed solely on the ground of the refusal of the trial judge to adjourn the case in order to enable the defendant to produce material witnesses in his behalf.

In People v. Calabur, 91 App. Div. 529, 87 N. Y. Supp. 121, the defendant's counsel moved for an adjournment upon the grounds that he did not have sufficient time to prepare for trial, and that the defendant had no witnesses in court to enable him properly to proceed therewith. The trial judge refused to grant a postponement, and counsel for the defendant thereupon declined further to participate in the trial, which resulted in the defendant's conviction. Upon appeal the judgment of conviction was reversed.

The judgment of conviction as to each defendant is therefore reversed, and a new trial granted.