(172 App. Div. 755)

### PEOPLE v. KERBER.

(Supreme Court, Appellate Division, First Department. May 19, 1916.)

1. CRIMINAL LAW ☞593—CONTINUANCE—GROUNDS—OCCUPATION OF COUNSEL IN OTHER COURT.

　　Where the defendant's attorney was shown by affidavit to be engaged in another division of a court of record, actually trying a suit therein, the defendant should have had an adjournment on his motion therefor, although the affidavit failed to show an attempt to postpone the other trial, and although another attorney was present who acted for the defendant, where it did not appear that such attorney was familiar with the case.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1320; Dec. Dig. ☞593.]

2. CRIMINAL LAW ☞593—CONTINUANCE—GROUNDS—ABSENCE OF COUNSEL.

　　The defendant in a criminal case is entitled to a reasonable adjournment to enable him to be defended by counsel employed for that purpose

and familiar with the case, or to procure the presence of a material witness.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1320; Dec. Dig. ☞593.]

3. CRIMINAL LAW ☞1052—APPEAL—SCOPE OF REVIEW—NEW TRIAL.

Even though no exception is taken below to a refusal of a requested continuance, it is the duty of the Appellate Division to grant a new trial, where the ends of justice require it under the specific provision of Code Cr. Proc. § 527.

[Ed. Note.—For other . cases, see Criminal Law, Cent. Dig. § 2659; Dec. Dig. ☞1052.]

4. CRIMINAL LAW ☞586—CONTINUANCE—DISCRETION OF COURT.

.Ordinarily the granting of an adjournment is addressed to the sound discretion of the trial court, since it is important that there shall be no unreasonable delay in bringing to trial those charged with crime.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1311; Dec. Dig. ☞586.]

5. CRIMINAL LAW ☞614(1)—ADJOURNMENTS—RIGHTS OF DEFENDANT—VEXATIOUS DELAY.

Even though there was arraignment on January 5th, and setting for trial on January 31st, and adjournment on that day, on defendant's request, until February 18th, and postponement on that day, with order of preference, to March 10th, that did not justify proceeding with the trial on March 10th, when defendant's attorney was engaged in the trial of an action in a court of record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1312–1314; Dec. Dig. ☞614(1).]

Appeal from Court of Special Sessions of City of New York.

Zaharia Kerber was convicted of violating the provisions of Penal Law (Consol. Laws, c. 40) § 439, and he appeals. Reversed, and new trial granted.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Louis Steckler, of New York City, for appellant.

John G. Dyer, of New York City, for respondent.

LAUGHLIN, J. The information charged that the defendant, as duly authorized agent and employé of the Peruvian Panama Hat Company, employed one Gross to work as a hatter for it, and as a condition of employing him and retaining him in its employ unlawfully requested, received, and accepted from him on the 17th day of October, 1914, the sum of $4.06; and in a second count it was charged that the defendant unlawfully received said sum as a commission and bonus.

It appears by an indorsement on the information that one Alexander Karlin, whose office address was given, was counsel for the defendant. The case was set for trial for March 10, 1916. When the calendar was called on that day, one Lapides appeared as counsel for the defendant and asked for an adjournment, on the ground that Mr. Karlin, who was to try the case for the defendant, was engaged in Part IV of the Supreme Court before Mr. Justice Ford, and evidently presented an affidavit showing such engagement. The application was denied, and the case was called for trial at about 4 o'clock in the after-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

noon, at which time Mr. Lapides renewed his motion and filed an affidavit, made on that day by Mr. Karlin, showing that he was the attorney for the defendant and was actually engaged in the trial of a case, the title of which was given, before Mr. Justice Ford in Trial Term, Part IV, and would be so engaged for the balance of the day, and prayed for an adjournment of the trial of the defendant. The record shows that the presiding justice thereupon stated that the same application had been made twice before, and that it was made at the opening of the court on an affidavit "which in substance was very much like the one that was handed up this afternoon," and that the application had been denied, and the case placed at the foot of the calendar, and, as the other cases had been finished, the trial of the defendant must then proceed. An exception was taken, and Mr. Lapides sat with the defendant through the trial, but took no part in the trial, other than to take certain exceptions.

The evidence adduced on the part of the people tended to show the commission of the crime by the defendant. The defendant refused to cross-examine the witnesses called by the people, or to take the stand, or to call witnesses in his own behalf, although he was invited so to do, and informed by the presiding justice that it was his privilege. He stated to the court, in effect, that his counsel, Mr. Karlin, had advised him that the trial would not proceed, and not to testify in the absence of his counsel.

[1] We are of opinion that the defendant was entitled to an adjournment of the trial. It is to be inferred from the affidavit that his attorney's engagement before Judge Ford would be concluded that day; and, although the affidavit does not show that Mr. Karlin informed Mr. Justice Ford of this engagement, or endeavored to postpone the trial of the other action, it was not, we think, unreasonable in the circumstances, when the case was not reached for trial until so late in the afternoon, to request that it be adjourned until the next day. It is of no importance that other counsel was present and requested the adjournment, for it does not appear that he was prepared to conduct the defense.

[2] A defendant in a criminal case is entitled to a reasonable adjournment, to enable him to be defended by counsel employed for that purpose and familiar with the case, or to procure the presence of a material witness. People v. Calabur, 91 App. Div. 529, 87 N. Y. Supp. 121; People v. Brackerton, 89 Misc. Rep. 269, 153 N. Y. Supp. 567; People v. Crisouoli, 164 App. Div. 119, 149 N. Y. Supp. 819.

[3, 4] In a criminal case, even if no exception were taken, this court is authorized, and it is its duty, to grant a new trial where the ends of justice require it. Code Cr. Proc. § 527. Ordinarily the granting of an adjournment is addressed to the sound discretion of the trial court (People v. Jackson, 111 N. Y. 362, 19 N. E. 54; Webster v. People, 92 N. Y. 422; People v. Curtiss, 118 App. Div. 259, 103 N. Y. Supp. 395), and it is important that there shall be no unreasonable delay in bringing those charged with crime to trial. We do not wish to be understood as opening a door to unreasonable adjournments; but in the case at bar it cannot be said that the defendant has had a fair trial, which involves the constitutional right to be represented by

counsel. People v. Calabur, 91 App. Div. 529, 87 N. Y. Supp. 121; People v. Criscuoli, 164 App. Div. 119, 149 N. Y. Supp. 819.

[5] It is claimed in behalf of the respondent that figures and letters indorsed on the information show that the defendant was arraigned on the 5th day of January, 1916, and the case was set for trial on January 31st, and on that day adjourned at his request until February 18th, and then postponed by the court until March 10th, and ordered preferred. Those facts do not clearly appear, and if they did they would not justify the action of the court in thus proceeding with the trial on the 10th of March, when defendant's attorney was engaged in the trial of an action in a court of record. The defendant should then have been afforded an opportunity by adjournment to obtain the presence of the attorney he had employed or to obtain another counsel.

It follows that the conviction should be reversed, and a new trial granted. Settle order on notice. All concur.