PEOPLE *v.* SCHINDLER. **73**

Misc. 73]     Court of Special Sessions, City of New York, November, 1924.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ABRAHAM SCHINDLER and Another, Appellants.

Court of Special Sessions of the City of New York, Appellate Part, Second Judicial Department, November 6, 1924.

Crimes — disorderly conduct — defendants convicted of disorderly conduct tending to breach of peace in violation of Penal Law, § 722, subd. 6 — refusal of trial magistrate to grant further adjournment upon defendants' request not abuse of discretion — conduct of district attorney in interrogating defendants, before they made themselves witnesses in their own behalf, prejudicial — failure of court to properly inform defendants of right of cross-examination and summoning of witnesses and of their rights under Code of Criminal Procedure, § 393, reversible error, though evidence indicates defendants committed crime charged — judgment reversed and new trial granted.

A refusal to grant an adjournment to one accused of a crime must be predicated upon a sound discretion of the trial court. Unless an injustice is done, the ruling of the court will not be disturbed.

The refusal of the trial magistrate to grant a further delay upon defendants' request is not error and cannot be held to be an abuse of discretion upon the part of the court, where seven adjournments had been previously granted the defendants over a period from July 21 to September 5, 1924, within which time they had ample opportunity to procure counsel and secure the attendance of their witnesses upon the trial of an information charging them with disorderly conduct tending to a breach of the peace in violation of subdivision 6 of section 722 of the Penal Law.

However, the judgment of conviction against the defendants should be reversed and a new trial granted, since the conduct of the district attorney in interrogating the defendants, in a question and answer examination, before they made themselves witnesses in their own behalf, was highly improper and prejudicial where, after refusing to cross-examine the witnesses for the prosecution, the defendants protested their innocence in broken English and declared that they were forced to trial without counsel or witnesses.

Although there was proof of actual jostling for the evident purpose of picking pockets, it was reversible error for the trial magistrate to fail to properly inform defendants as to their right to cross-examination, the summoning of witnesses and otherwise apprise them of their rights in the premises in accordance with the spirit of the provisions of section 393 of the Code of Criminal Procedure.

APPEAL from a judgment of conviction had in a City Magistrate's Court, Eighth District, Borough of Brooklyn, on September 5, 1924, adjudging the appellants guilty of disorderly conduct tending to a breach of the peace (jostling), and from the sentence of five months and twenty-nine days imposed upon each defendant by the magistrate.

*Alexander S. Drescher*, for the appellants.

*Charles J. Dodd, District Attorney* [*Henry J. Walsh* of counsel], for the respondent.

FRESCHI, J.:

This is an appeal from a judgment of a City Magistrate's Court of the city of New York, borough of Brooklyn, convicting the appellants of the offense of disorderly conduct tending to a breach of the peace in violation of section 722, subdivision 6, of the Penal Law of the State of New York, and sentencing them to imprisonment in the workhouse for a term of five months and twenty-nine days each.

It cannot be denied that the right to a fair trial of an accused, to procure witnesses and to have counsel on his behalf in any trial in any court is guaranteed him by law (State Const. art. 1, § 6; Code Crim. Proc. § 8; *People ex rel. McDonald* v. *Keeler*, 99 N. Y. 463; *People* v. *Abetti*, 152 N. Y. Supp. 890; *People* v. *Hilderbrandt*, 16 Misc. 195; *People* v. *Calabur*, 91 App. Div. 529; *People* v. *Hynes*, 206 id. 716; *People* v. *Kerber*, 172 id. 755); and an accused shall not be forced to go to trial except where, as the Court of Appeals has stated in *People* v. *Jackson* (111 N. Y. 362), the failure to proceed with the trial because of the absence of counsel or witnesses, would be inconsistent with the due course of public justice.

A refusal to grant an adjournment must be based on a sound discretion which will not be interfered with unless it appears that injustice was done a defendant. (*People* v. *Curtiss*, 118 App. Div. 259, 262; *People* v. *Kerber, supra,* 757; *People* v. *Brown*, 118 App. Div. 793; affd., 189 N. Y. 528. See, also, *People* v. *Cosmo*, 205 id. 91, 100.)

The history of this case shows seven adjournments granted these appellants between July 21, 1924, and September 5, 1924. I am satisfied that they have had ample opportunity to procure counsel and secure the attendance of their witnesses, and I find that there was no abuse of discretion by the court in not permitting further delay of the trial as requested by the appellants. But in view of the fact that the appellants had been incarcerated under increased bail of $8,000 each since the last but one adjourned day and that they had no counsel to represent them, it was the plain duty of the magistrate presiding to surround the accused with every safeguard in the course of their trial. This I fear was not done. It appears that the district attorney, Mr. Gallagher, after presenting his side of the case, turned to the appellants to inquire if they wished to cross-examine the People's witnesses, and then, when they refused to do so, the prosecutor, according to the record, proceeded to conduct a question and answer examination of the appellants, although they protested, in broken English, their innocence and that they were being forced to trial without counsel or witnesses, and,

PEOPLE *v.* SCHINDLER. **75**

Misc. 73]  Court of Special Sessions, City of New York, November, 1924.

notwithstanding the more important fact, that these appellants had not elected to present themselves as witnesses duly sworn on their own behalf.  This interrogation of the prisoners by the assistant district attorney was highly improper; but, nevertheless, it was conducted by the prosecutor without interference of the presiding magistrate, who, for some unknown reason, failed to apprise the defendants of their rights in the premises.  District attorneys no more than judges should indulge in examination of an accused before he makes himself a witness in a case, and a judge presiding at the trial never should tolerate such practice.

A defendant in any case may testify as a witness in his own behalf but his neglect or refusal to testify does not create any presumption against him (Code Crim. Proc. § 393) and, under the circumstances, the interests of justice would have suggested the propriety of a formal warning by the magistrate at the close of the People's case in accordance with the spirit of the provisions of the Criminal Code just cited (See, also, *People* v. *Ferola*, 215 N. Y. 285, 289; *People* v. *Calabur, supra*), advising these appellants before their examination by the district attorney.  Furthermore, the mere inquiry by the magistrate at the close of the prosecution's case as to whether the accused wished to make a " statement " cannot be regarded as a substantial compliance with the customary and orderly administration of the criminal law.

I regard the conduct of the district attorney in charge of the case as prejudicial, in the light of the record and of what transpired, when he questioned the motives of one of the appellants by characterizing him as " a pretty good actor " in one instance, and as a " bluff " in another, and particularly when, without restraint whatsoever, he was allowed to interrogate one of the appellants, who was then not a witness, about his experiences in courts with lawyers in other cases and about whether he had claimed being " framed up before."  This all tended to convey the impression that one of these appellants had been previously arrested.

Although there was abundant proof of actual jostling and that appellants were acting in concert with the evident purpose of picking the pockets of another, yet I feel that the errors committed here are not merely technical or harmless; but instead, they are such as affect the substantial rights of the accused, depriving them of a fair and impartial trial; and it is my opinion that the ends of justice make a new trial imperative.  I vote accordingly.

KERNOCHAN, Ch. J. (concurring):

The defendants in this case, Abraham Schindler and David Miner, were first arraigned on July 21, 1924, and subsequently these

adjournments were taken: To July twenty-third, to August second, to August eighth, to August twenty-seventh, to September third, to September eighth.

During this time the defendants had counsel and many if not all of the adjournments were at their request. The refusal of the magistrate to allow another adjournment is not error; indeed it was his duty to insist on having this case tried in view of the length of time it was pending.

The cases cited by the district attorney (*People* v. *Curtiss*, 118 App. Div. 259–262; *People* v. *Kerber*, 172 id. 755–757; *People* v. *Hilderbrandt*, 16 Misc. 195–197) hold that the granting of an adjournment is discretionery with the magistrate but at the same time he must see that no injustice is done to the defendant and that a fair trial be assured him.

After the trial began at no time were the defendants properly informed as to their rights of cross-examination and summoning of witnesses and the long examination of the defendant Schindler indulged in by the district attorney was to my mind reversible error.

No exceptions having been taken, the judgment of conviction should be reversed on the facts and a new trial granted, which new trial should be held as speedily as possible.