Tʜᴇ Pᴇᴏᴘʟᴇ ᴏꜰ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏꜰ Nᴇᴡ Yᴏʀᴋ, Respondent, *v.* Kᴀᴢᴍᴇʀᴀ Pᴀʟᴀɢᴜᴀʏ, Appellant.    ○

Third Department, May 5, 1926.

Crimes — appeal — appeal by defendant from conviction by Court of
Special Sessions for violation of Penal Law, § 43 — appeal was perfected
under Code of Criminal Procedure, §§ 751, 752 and 755, although
defendant failed to serve district attorney with copy of affidavit and
notice of allowance of appeal as required by Code of Criminal Procedure,
§ 752 — error to dismiss appeal to County Court on that ground —
defendant has right to have review of refusal of time to secure counsel
and excessiveness of sentence.

The defendant who was convicted in a Court of Special Sessions of a violation
of section 43 of the Penal Law was not required in order to perfect her appeal
to the County Court under sections 751, 752 and 755 of the Code of Criminal
Procedure, to serve on the district attorney a copy of the affidavit upon which
the appeal was granted, together with a notice that the same had been allowed,
as required by section 752 of the Code of Criminal Procedure, as amended by
chapter 536 of the Laws of 1897.

It was not intended by said amendment to section 752 of the Code of Criminal
Procedure, to increase the requirements for the perfection of an appeal but the
purpose of the amendment was for the better information and convenience of
the district attorney, and, furthermore, section 755 distinctly states that upon
the delivery of the affidavit and allowance of the appeal to the magistrate who
rendered the judgment, the appeal is deemed taken.

It was error, therefore, for the County Court to dismiss the appeal on the ground
that it had not been properly perfected.

The appellant is entitled to a review of the question whether or not she was denied
reasonable time in which to procure counsel, and whether or not the sentence
imposed was excessive.

Aᴘᴘᴇᴀʟ by the defendant, Kazmera Palaguay, from an order
of the County Court of the county of St. Lawrence, entered in the
office of the clerk of said county on the 7th day of October, 1925,
dismissing her appeal from a judgment of a Court of Special Sessions,
convicting the defendant of the crime of violation of section 43 of
the Penal Law.

*Charles A. Murphy,* for the appellant.

*Andrew J. Hanmer, Assistant District Attorney,* for the respondent.

Cᴏᴄʜʀᴀɴᴇ, P. J. Defendant was convicted in a Court of Special
Sessions for violating section 43 of the Penal Law and was sen-
tenced to thirty days' imprisonment in the county jail and to pay a
fine of twenty-five dollars and to be imprisoned until said fine was
paid not exceeding twenty-five days.

For the purpose of appealing from a judgment of a Court of

Special Sessions it is provided that " an affidavit showing the alleged errors in the proceedings or conviction or commitment complained of " must within sixty days be presented to the county judge or a justice of the Supreme Court.   (Code Crim. Proc. § 751.) " If, in the opinion of the judge, it is proper that the question arising on the appeal should be decided by the County Court, he must indorse on the affidavit an allowance of the appeal to that court." (Id. § 752.)   " The affidavit and allowance of the appeal must be delivered to the magistrate, or clerk of the court rendering the judgment, within five days after the allowance of the appeal; and when so delivered the appeal is deemed taken."   (Id. § 755.)

The appellant complied with all of the foregoing provisions.   Her affidavit specified as alleged errors that her request for counsel was refused and that the sentence was excessive.   The judge indorsed on the affidavit an allowance of the appeal and the affidavit and allowance were delivered to the magistrate all within the time required by the statute.

By chapter 536 of the Laws of 1897 said section 752 was amended by adding thereto a provision as follows: "And the defendant, or his attorney, must within five days thereafter [after the allowance of the appeal], serve a copy of the affidavit upon which the appeal is granted, together with a notice that the same has been allowed, upon the district attorney of the county in which the appeal is to be heard."   The appellant failed to comply with this provision and for this reason her appeal has been dismissed.   By this amendment the Legislature did not intend to increase the requirements then existing for the perfection of an appeal.   The same statute (Laws of 1897, chap. 536) similarly amended section 754 of the Code of Criminal Procedure by directing the county clerk within five days after the filing of an undertaking upon the appeal to notify the district attorney of such undertaking with the particulars thereof. The purpose of the two amendments when considered together and in the light of the language of section 755 is obvious, viz., for the better information and convenience of the district attorney. The same statute required information to be furnished him, *first*, as to the fact and particulars of the appeal, and *second*, as to the fact and particulars of the undertaking.   The latter information is to be given by the county clerk; the former information by the defendant or his attorney.   The information by the county clerk certainly constitutes no part of the appeal and it naturally follows that the analogous information by the defendant in this particular directed by the same statute constitutes no part of the appeal, although failure of the defendant to comply with this statutory direction if prejudicial to the prosecution might in the

discretion of the court expose him to disadvantages in the subsequent progress of the appeal. Under section 755 it is obvious that the affidavit and allowance of the appeal may be delivered to the magistrate who rendered the judgment before service on the district attorney may be made as directed by section 752, but section 755 provides that when such delivery is made to said magistrate " the appeal is deemed taken." Thus by express declaration of section 755 " the appeal is deemed taken " independently of service on the district attorney under section 752 and before the time when by said section said service on him may be made. We think the court was in error in holding that service on the district attorney was essential to the perfection of the appeal.

Appellant alleges two substantial errors. A request for counsel implies the right to a reasonable time in which to procure counsel. (*People* v. *Kerber*, 172 App. Div. 755.) This request if refused was an invasion of a constitutional right of the appellant (Const. art. 1, § 6.) The excessiveness of a sentence, an error which can only arise after judgment, is also reviewable on appeal even after a plea of guilty. (*People* v. *Dinehart*, 155 App. Div. 687; *People* v. *Baldwin*, 21 N. Y. St. Repr. 906.) These questions the appellant is entitled to have reviewed by the County Court. In respect to them we are not now concerned and, therefore, express no opinion.

The order should be reversed and the motion to dismiss the appeal denied.

All concur.

Order reversed on the law, and motion to dismiss appeal denied.