THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES HELMES, Appellant.

County Court, Chenago County, September, 1932.

Frank W. Barnes, for the appellant.

Glenn F. Carter, District Attorney, for the respondent.

BROWN, J. The information filed with the justice charges, or attempts to charge, the defendant with disorderly conduct in violation of section 43 of the Penal Law. The defendant pleaded guilty to the charge. On the argument of the appeal and in his brief, counsel for the appellant questions the sufficiency of the information, and contends that it states no facts sufficient to show the commission of the crime charged therein, or any crime. If this question were properly before the court, I should be inclined to agree with this contention. The affidavit on which the appeal was allowed does not raise such question. There are only two errors assigned as the basis of an appeal, one, that the defendant was not informed of the charge against him, or of his right to counsel, and the other, that the sentence was excessive. This court can review the judgment of conviction only upon the questions raised by the affidavit presented at the time of the allowance of the appeal. (People v. Scherno, 140 App. Div. 95; People v. Jewett, 69 Hun, 550; People v. Dennis, 132 Misc. 410; People v. Palaguay, 216 App. Div. 508.)

The affidavit of the defendant, presented at the time of the allowance of the appeal, alleges that he was not advised of the charge against him at the time he was brought before the justice of the peace, and was not informed of his right to counsel. The return of the justice of the peace contradicts this allegation, as it recites that the defendant was not only informed of his rights to a hearing, and to a jury and counsel, but that the information was read over to him on two occasions.

This court is bound by the return of the justice. (People v.

*Hildebrandt,* 16 Misc. 195; *People* v. *Newman,* 137 id. 267; *People* v. *Fuchs,* 71 id. 67; *City of Buffalo* v. *Murphy,* 228 App. Div. 279.) If the appellant desired to raise any question as to the correctness or completeness of the return, it should have been done by a motion for a corrected return. (*People* v. *Fuchs,* 71 Misc. 67.) This court is permitted, under the return as made, to consider the sole question of the excessiveness of the verdict.

There is nothing before this court to show the extent of punishment that the defendant deserved. He pleaded guilty to the charge placed against him. In the face of the return, I cannot well give consideration to the statements in his affidavit in any way contradictory to the return. The justice, who must have been more familiar with the facts than this court, has seen fit to sentence the defendant to ninety days in the Chenango county jail. In view of this, I am not inclined to disturb the decision of the Court of Special Sessions.

Judgment of conviction is affirmed.