Burke, J.
The primary question presented is whether the defendant has made out a ease for coram nobis relief.
It is axiomatic that defendant’s right to this relief depends upon proof that the trial court, in the original proceedings, did not adequately inform defendant of his rights.
The facts as found and affirmed by the courts below in this proceeding for a writ of error coram nobis are, of course, not reviewable here. But once these facts have been determined, a question of law alone remains as to whether or not the evidence is sufficient to establish noncompliance with statutory regulations. (People v. Banner, 5 N Y 2d 109; People v. Marincic, 2 N Y 2d 181; People v. Sadness, 300 N. Y. 69, 73.)
The record indicates that defendant had been arraigned for pleading on April 7, 1937. On that day an adjournment was granted for trial in the language of the Magistrate, in the “ Driving while Intoxicated ” court and bail continued.
Assuming arguendo that we are not bound by the presumption of regularity in respect to the proceeding at the time of arraignment and pleading, the minutes of the trial show beyond conjecture that the defendant was informed of his rights to counsel and to an adjournment, and that he understood the monitions of the court. At the commencement of the trial on the adjourned date, April 15,1937, the trial court informed the defendant that he had a right to decide whether or not to proceed with the case and to ask for an adjournment for the purpose of securing the services of a lawyer or for producing witnesses. The defendant replied, “ I want it for today”. Thus the minutes indicate that the presiding Magistrate was careful to assure himself before the commencement of the trial on April 15, 1937 that *212 defendant understood his rights, even though he was entitled to believe that defendant had already been so instructed at the time of arraignment and pleading on April 7, over a week before, at which time defendant obviously pleaded “ not guilty
The Magistrate, sitting as a Court of Special Sessions, relied upon section 699 of the Code of Criminal Procedure, in granting the coram nobis petition. However, the provision of this section, which imposes upon the court the duty to inform defendant of Ms right to counsel, was enacted three years after the conviction of defendant herein (L. 1940, ch. 423). The language of section 699 prior to its amendment[1] contained no such provision ; the duty to inform defendant of his right to counsel in criminal proceedings prosecuted without indictment rested upon general State constitutional provisions[2]. Notwithstanding the defect in section 699, the Magistrate in the original trial, in accordance with the usual practice of Magistrates sitting as Courts of Special Sessions (People v. Hildebrandt, 16 Misc. 195), fully informed defendant of his rights.
Clearly, then, there is indisputable evidence of specific adherence to the rules set forth in People v. Marincic (supra).
It is evident from the affidavit submitted by the defendant that he knew the character of the charge at the time of his arrest and his booking at the Police Precinct. Furthermore, although defendant was aware of the charges as the minutes of the arraignment show, the Magistrate again stated, at the time of the trial, that defendant was charged with driving while intoxicated. This statement is sufficiently detailed to comply with the requirement of informing the defendant of the charge against him. Proof of the defendant’s full understanding of the statement of the court is found at the close of the trial in defendant’s reply to the court’s reminder that the court had given him an opportunity to postpone the trial and to secure the services of *213 counsel. Defendant retorted that he did not ask for a postponement because he “ wasn’t guilty of being drunk”. To form this judgment that he “ wasn’t guilty ”, defendant necessarily negatives the proposition that he did not understand the nature and scope of the charge against him.
From the facts before us we find as a matter of law defendant failed to establish noncompliance with the relevant provisions of the Code of Criminal Procedure. Hence the order of the Appellate Division should be reversed, and the petition seeking the writ of error cor am nobis should be denied.

. “ § 699. Charge to be read to defendant, and he required to plead. In the eases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the charge against him must be distinctly read to him, and he must be required to plead thereto, except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations.” (As amd. by L. 1932, eh. 526.)

. “ * * * and in any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions”, (N. Y. Const., art. I, § 6.)