Mullin, P. J.
The defendant was an alderman of the city of Syracuse. In May, 1870, the plaintiff was in the city with a horse and wagon. The horse baulked, and the plaintiff beat him with his whip on the legs, and struck him with it on his head. The defendant saw the whipping, and deeming it cruel, told the plaintiff to desist, or he would have him arrested. The plaintiff told defendant he would whip the horse and him too. The defendant went for a police officer to make the arrest. He returned in about half an hour, and the plaintiff, seeing them approach, went across the city line into the town of Salina. The defendant, while plaintiff was in Safina, directed the police officer to arrest him, and he did so. The officer had no process authorizing the arrest. He made it on the authority of defendant.
After the arrest was made some violence was done to plaintiff’s person. He was taken before the police justice of Syracuse, and an examination had.
The action was for damages resulting from the imprisonment, which is alleged to be false. The court nonsuited the plaintiff, and directed the case to be heard on exceptions, in the first instance, at the General Term.
Cruelty to an animal is a misdemeanor as well by the Revised Statutes (§ 2 Statutes at Large, 717, § 26) as by the by-laws of the city of Syracuse. (§ 6, chap. 2, of Ordinances.)
*86 By the charter of the city (§§ 6, 7, title 4, Laws of 1857, chap. 63) the violation of the ordinance is declared to be a misdemeanor.
By section 1, title 2, chapter 2, part 4 of the Revised Statutes, aldermen of cities are authorized to execute the powers conferred in that title.
■The powers thus conferred are to hear complaints against persons accused of crime, and issue process for their arrest; take the examination when the prisoners are brought before them, and, in certain eases, to let them to bail.
At common-law an arrest could not be made of a person charged with a misdemeanor except on warrant of a magistrate, unless it involved a breach of the peace, in which case t’.e offender might be arrested by any person present at its commission. (1 Chitty, Criminal Law, 15; Carpenter v. Mills, 29 How. Pr. R., 473.) But in cases of felony it might be. (Same ; Holley v. Mix, 3 Wend., 350.)
It is said in 2d Hale’s Pleas of the Crown, 86, that if a justice of the peace see a felony, or other breach of the peace, committed in his presence, he may, in his own person, apprehend the felon. And so he may command any person t<apprehend him, and such a command is a good warrant with Out writing; but if the felony, or other breach of the peace, bt done in his absence, then he must issue warrant in writing, under his seal, to apprehend the malefactor; and if there bi any riot or breach of the peace likely to happen by a tumulto pus meeting, &c., .he may command his servants, or others to prevent it, by arresting the parties.
. A constable, it is said by the same author, may, by his own inherent and original power, imprison a person for a breach of the peace, and certain specified misdemeanors less than a felony; but the offence with which plaintiff is charged is not one of them. (2 Hale’s PL, 90.)
It is said that in case of an affray the constable may, without a warrant, arrest, in order to prevent it; yet, if the affray be past, and no danger of death, he cannot arrest without warrant. But Hale is of opinion that in such case the *87 constable may arrest and take the prisoner before a justice to find surety of the peace, or for appearance.
When a felony is committed, or in case of suspicion of felony, and the accused flies into another county, the officer pursuing may follow him in such other county and arrest him; but when he makes the arrest, he must take the prisoner before a magistrate of the county in which the arrest is made. (2 Hale’s Fleas Crown, 94.)
It follows that at common-law neither the defendant nor the constable could arrest the plaintiff without warrant, as there was no breach of the peace. It remains to inquire whether it could be done by either, under the charter of the city.
Section 7 of the charter provides that it shall be lawful for any alderman or policeman to arrest, detain, and take before the police justice, every person whom they or any of them shall find committing a violation of any ordinance of the city.
By this section the officers named in it are clothed with powers belonging to sheriffs, constables, and police officers, and they may be exercised without warrant. The object unquestionably was to authorize summary arrests, and to obviate the delay incident to procuring a warrant.
The defendant found plaintiff committing a violation of an ordinance of the city and was therefore authorized to arrest him and call in the aid of the police officer to effect his arrest, as might a justice of the peace at common-law when a crime was committed in his presence. (2 Hale, 86.)
The delay of half an hour in making the arrest in this case, did not deprive the defendant of the right to make it.
In Regina, v. Walker (25 E. L. & E., 589), it was held that an arrest made by a constable for resisting him in making an arrest, two hours after the resistance, was unlawful. In Taylor v. Strong (3 Wend, 384), it is said that an arrest without warrant, for breach of the peace in presence of an officer, may be made within a reasonable time. (See also Derecourt v. Corbishley 85 E. C. L., 187). What is a reasonable *88 time is, upon undisputed fact, for the court to determine, and half an hour is not, in my opinion, an unreasonable time.
If an arrest cannot be made except immediately upon the commission of an offense, in many cases offenders would escape punishment.
In case of an offense committed by a number of persons in the presence of an alderman, he would be incapable of arresting them if they resisted. If he may not delay arresting until he can procure help, punishment would be rendered impossible.
I entertain no doubt but that the arrest was properly made, provided it could be made outside the limits of the city.
I do not find any authority upon the question whether in cases of misdemeanor an'officer authorized to arrest for an offense committed in his presence, may pursue the offender out of his own jurisdiction. At common law it was the duty of such an officer, in cases of felony, to raise the hue and cry and thus pursue the criminal into any other jurisdiction and there arrest him.
This power being limited to cases of felony, it would seem that no such right of pursuit existed in cases of misdemeanors.
At common law an arrest on warrant must be made within the jurisdiction of the officer who issued it. (1 Chitty Grim. Law, 49.)
It would be somewhat singular if an officer without a warrant could arrest beyond his jurisdiction, when upon a warrant he could not.
In felony an arrest on a warrant of the justice could be made anywhere within the county (1 Chitty Grim. Law, 49), but in case of misdemeanor, the arrest must be made within the jurisdiction of the officer issuing it.
Violations of municipal regulations could be committed with impunity, if the officer who is present at the commission of the offence must stop at the city or village boundary when' in pursuit of an offender, because his jurisdiction there ends. Let I find no case that authorizes him to arrest beyond the city or village limits.
*89 Ho such right existed at common law when the officer was without warrant, and I know of no provision of law that authorizes it now.
The nonsuit must be set aside and a new trial ordered, costs to abide the event.
Hew trial granted.