THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHRISTIAN IVERSON, Appellant.

*Constitutional right to a jury trial — a disorderly person convicted in the Recorder's Court of the city of Poughkeepsie is not entitled to it — his wrongful arrest without a warrant is not a defense.*

A person tried in the Recorder's Court of the city of Poughkeepsie, charged with keeping a house " for the resort of prostitutes, drunkards, tipplers, gamesters or other disorderly persons," which act, under section 899 of the Code of Criminal Procedure, as well as under section 138 of the city charter (Laws of 1896, chap. 425), constitutes him a disorderly person, has no constitutional right to a trial by jury.

A judgment of conviction, rendered by a court which had jurisdiction of the defendant and of the offense, is not affected by the fact that the defendant was wrongfully arrested without a warrant.

APPEAL by the defendant, Christian Iverson, from a judgment of the County Court of Dutchess county in favor of the plaintiff, entered in the office of the clerk of Dutchess county on the 27th day of February, 1899, modifying a judgment of the Recorder's Court of the city of Poughkeepsie, which convicted the defendant of the crime of being a disorderly person under subdivision 4 of section 899 of the Code of Criminal Procedure, and affirming said judgment as so modified.

*William H. Wood,* for the appellant.

*George Wood, District Attorney* [ *W. E. Hoysradt* with him on the brief], for the respondent.

WOODWARD, J. :

A careful consideration of the points urged upon this appeal discloses no sufficient reason for reversing the judgment. The appellant was arrested without a warrant, during a fight which occurred in his establishment in the city of Poughkeepsie, and was charged with keeping a house " for the resort of prostitutes, drunkards, tipplers, gamesters or other disorderly persons," which, under the provisions of section 899 of the Code of Criminal Procedure, as well

as of the charter of the city of Poughkeepsie (Laws of 1896, chap. 425, § 138), constitutes a disorderly person.

The charter gives the Recorder's Court jurisdiction to try cases of this character, and we are of opinion that the appellant had no constitutional right to a trial by jury. (*People ex rel. Comaford* v. *Dutcher,* 83 N. Y. 240.)

The evidence on which the appellant was convicted was clearly sufficient for that purpose, and whether the officer who arrested him should have had a warrant does not affect the question of his conviction after he was once within the jurisdiction of the court.

"The general rule is," says Mr. Justice CULLEN in *People* v. *Eberspacher* (79 Hun, 410), "that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court."

The appellant has his remedy, if he has been wronged, against the " officer who has acted under void process, or who has exceeded his powers." (Crocker Sheriffs [3d ed.], 35.)

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment of conviction affirmed.