THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DORR M. DENNIS, Appellant.*

County Court, Cortland County, June —, 1928.

Crimes — operating automobile while intoxicated — City Court of city of Cortland has jurisdiction (Code Crim. Proc. § 56, subd. 35; Charter of City of Cortland, § 218) — appeal must be heard on original return (Code Crim. Proc. § 763) — court had jurisdiction, though defendant was arrested without warrant after crime was committed, where information was sufficient (Code Crim. Proc. § 145) — court rulings as to qualifications of jurors sustained — return does not substantiate defendant's statement he was forced to undergo medical examination — testimony of physician as to whether defendant was intoxicated proper — conviction affirmed.

The City Court of the city of Cortland had jurisdiction of defendant who was convicted by a jury in that court for operating a motor vehicle while intoxicated, in violation of subdivision 3 of section 290 of the Highway Law, since the crime alleged is a misdemeanor. (Code Crim. Proc. § 56, subd. 35; Charter of the City of Cortland [Laws of 1900, chap. 160], § 218.)

Since on appeals of this character only such errors are considered as are specified in the affidavit upon which the appeal is allowed, the appeal from the judgment of the City Court of the city of Cortland must be heard upon the original return (Code Crim. Proc. § 763).

The trial court had jurisdiction of defendant although he was arrested without a warrant after the crime was committed, where he was immediately brought before the magistrate and an information was made in writing and sworn to by the officer, who made the arrest, which upon its face clearly and directly sets forth facts sufficient to constitute the charge within the meaning of section 145 of the Code of Criminal Procedure.

The fact that the information also stated that the policeman arrested the defendant at the time he was committing the offense, which fact was shown to be untrue upon the trial, does not render the information insufficient or defective.

The judgment of conviction is not affected by the fact that the defendant's arrest may have been unlawful since a judgment of conviction should not be set aside because a defendant was illegally arrested.

A juror who stated that he was prejudiced, had an opinion concerning the case which would require evidence to remove, and added that he could not be a fair juror, was properly excused for cause by the court. But the court properly refused to allow defendant to challenge for cause a juror who stated that he had to work and who preferred to be excused, and who stated that this would

---

* See 131 Misc. 62. Motion for leave to appeal to the Court of Appeals and for a certificate of reasonable doubt was denied by Judge ANDREWS on June —, 1928, without opinion.

not affect his verdict. Furthermore, defendant's challenge for cause of a juror who stated to the court that he did not wish to be tied up two days in court because of the very critical condition of his mother, was properly denied, in the absence of anything in the conversation between the court and the juror which would affect his qualifications.

The testimony of a physician as to whether or not defendant was intoxicated was competent and proper and the return does not substantiate defendant's statement that he was forced to undergo a medical examination by the physician, where it appears that no physical examination was made other than such as could be made by observation and conversation.

Testimony of the person who was struck by defendant's automobile as to the transaction and her injuries was material, relevant and admissible.

An examination of the return and the evidence warrants a finding that the defendant had a fair and impartial trial, that there is sufficient evidence to support the verdict of the jury beyond a reasonable doubt, that his substantial rights were not prejudiced, and that the conviction should be affirmed.

APPEAL by defendant from a judgment of conviction rendered by the City Court of the city of Cortland. Appeal was allowed by Mr. Justice RHODES. (See 131 Misc. 62.)

*Thomas E. Courtney,* for the appellant.

*William H. Coon,* for the respondent.

CHAMPLIN, J. The defendant was convicted by a jury in the City Court of the city of Cortland, N. Y., for operating a motor vehicle while intoxicated, in violation of subdivision 3 of section 290 of the Highway Law (as amd. by Laws of 1926, chap. 732). As the crime was a misdemeanor, said court had jurisdiction of it. (Code Crim. Proc. § 56, subd. 35; Charter City of Cortland [Laws of 1900, chap. 160], § 218, as amd.)

It is the settled practice that on appeals of this kind only such errors will be considered as are specified in the affidavit upon which the appeal is allowed. (*People* v. *Scherno,* 140 App. Div. 95.)

The appeal must be heard upon the original return. (Code Crim. Proc. § 763.)

It is claimed by the appellant that his arrest was unlawful and for that reason the City Court obtained no jurisdiction of him and that the judgment of conviction is void.

It appears from the evidence given upon the trial that the appellant was arrested without a warrant after the alleged crime was committed. Therefore, the arrest may be considered unlawful.

When the defendant was brought before the magistrate an information was made in writing and sworn to by the officer who made the arrest. Upon its face this information clearly and directly set forth facts sufficient to constitute the charge. It complied with the definition of an information given in section 145 of the Code of Criminal Procedure: " The information is the allegation

made to a magistrate that a person has been guilty of some designated crime." Because it also stated that the policeman arrested the defendant at the time he was committing the offense, which fact was shown to be untrue upon the trial, does not render the information insufficient or defective. Every information, the allegations of which are not proven upon trial, might thus be deemed insufficient or defective. It was not necessary in order to make the information sufficient that it contain an allegation that the policeman arrested the defendant while committing the offense. Consequently, such allegation was immaterial and surplusage and whether it was true or not did not affect the nature of the crime charged against the defendant. In *People* v. *Pillion* (78 Hun, 74) it is stated: " However awkwardly or inartificially done, if the information charges a crime known to the law, and states acts done by the accused which constitute such crime, it will be held sufficient." In the case of *People ex rel. Kenney* v. *Cornell* (6 Misc. 568) Judge CULLEN said that " The sole object of an information and the issue of a warrant is to bring the defendant to the bar of justice." I think the information was proper and sufficient in this case.

In the case of *People* v. *Eberspacher* (79 Hun, 410), Judge CULLEN, writing the opinion for the General Term, Second Department, stated that " The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court."

In the case of *People* v. *Iverson* (46 App. Div. 301) a judgment of conviction was upheld by the Appellate Division of the Second Department where it appeared that the defendant was wrongfully arrested without a warrant. Judge WOODWARD wrote the opinion and quoted the principle laid down by Judge CULLEN in the *Eberspacher* case.

In the case of *People* v. *Park* (92 Misc. 369), which was an appeal from the City Court of Buffalo to the Erie County Court, the identical question raised here was decided. Judge LAING discussed and analyzed the authorities very fully. His conclusion was that a judgment of conviction should not be set aside because the defendant was illegally arrested.

Gilbert's Criminal Code (11th ed. 1928) in the footnote under section 177 thereof (at p. 118) states: " The weight of authority appears to be that if the magistrate has jurisdiction of the crime he acquires jurisdiction of the person when the defendant is brought before him charged with a crime, regardless of the legality of the arrest."

The above authorities clearly apply to this case. The judgment

of conviction herein is not affected by the unlawful arrest of the defendant.

The return of the city judge on this appeal shows that the juror O'Leary was excused for cause, because he was prejudiced and had an opinion concerning this particular case which would require evidence to remove. He stated that he could not be a fair juror. The ruling of the court in excusing him was correct.

The return shows as to the juror Wright that the only ground upon which defendant's attorney sought to have him excused for cause was that the juror said he had work to do and would prefer to be excused. He further states that this would not affect his verdict. The court was correct in refusing to allow the defendant's challenge for cause to this juror.

The return shows that the juror Allen asked the court concerning the length of the case, stating that he did not wish to be tied up two days, because of the very critical condition of his mother. There was nothing in the conversation between the court and this juror which would in any way affect his qualifications. Consequently, the defendant's challenge for cause of this juror was properly denied.

The return shows that full opportunity was given to defendant and his attorney to have the record of the trial contain everything that he desired.

The return does not show that any of the defendant's requests to make a record of what transpired at the trial were denied.

The appellant in his affidavit for an allowance of an appeal claimed as one of the grounds therefor that he was examined against his consent and was forced to an examination by Dr. Kelley while under arrest at the police station. There is no evidence in the return to warrant the appellant's making such a statement. It appears that Dr. Kelley saw the appellant soon after his arrest and talked with him. No physical examination was made other than such as could be made by observation and conversation. The appellant, himself, in his own evidence, does not claim that any force or compulsion of any kind was applied to him. It would seem that the opinion of a physician as to whether or not the appellant was in an intoxicated condition would be very important and helpful in determining the question at issue. It is the practice in this kind of a case to call in a physician to examine the accused.

It has been held lawful for physicians on behalf of the People to examine defendants in custody as to their mental condition. (*People* v. *Truck*, 170 N. Y. 203; *People* v. *Van Wormer*, 175 id. 188.) In view of these authorities it cannot be held that the defendant's constitutional rights were violated in this case. The

evidence of Dr. Kelley was relevant and material to the issue and properly admitted.

The claim that the trial court committed errors in admitting certain other evidence upon the trial is not sustained. The evidence of Mrs. Keeling as to the transaction and her injuries is material, relevant and admissible. The question of the admission of the certificate of conviction for public intoxication of the defendant is provided for by statute. It was for the jury to decide whether the defendant in this case was the person mentioned in the certificate.

From the return and the evidence it appears that the defendant had a fair and impartial trial, that there is sufficient evidence to support the verdict of the jury beyond a reasonable doubt and that the substantial rights of the defendant were not prejudiced in any manner. The sentence imposed was not an unreasonable one, taking into consideration the nature of the crime and the prior convictions of the defendant.

I find and decide that the judgment of conviction of the defendant in the City Court of the city of Cortland is valid and should be affirmed.

An order may be entered affirming the conviction and judgment of the City Court and directing the execution of the sentence imposed therein.