THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
LEO PHILLIPS, Respondent.

Argued October 17, 1940; decided November 19, 1940.

*Samuel J. Foley, District Attorney (Sol Boneparth* and
*Herman J. Fliederblum* of counsel), for appellant.

*Max Fruchtman* and *Macy Halpert* for respondent.

CONWAY, J.   There is presented the question whether a peace officer may *summarily* arrest one who is a disorderly person within the provisions of Code of Criminal Procedure, section 899, subdivision 5, or must first obtain a warrant of arrest issuable under Code Criminal Procedure, section 900.

Section 899, subdivision 5, is as follows: " § 899. The following are disorderly persons:   *   *   *

" 5. Persons who have no visible profession or calling, by which to maintain themselves, but who do so, for the most part, by gaming;"

Section 900 reads: " Upon complaint on oath, to a justice of the peace or police justice of a city, village or town, or to the mayor, recorder, city judge or judge of the general sessions of a city, against a person, as being disorderly, the magistrate must issue a warrant, signed by him, with his

name of office, requiring a peace officer to arrest the defendant and bring him before the magistrate for examination."

The right of a peace officer at common law to arrest summarily was a limited one. " The common law did not authorize the arrest of persons guilty or suspected of misdemeanors, except in cases of an actual breach of the peace either by an affray or by violence to an individual. In such cases the arrest had to be made not so much for the purpose of bringing the offender to justice as in order to preserve the peace, and the right to arrest was accordingly limited to cases in which the person to be arrested was taken in the fact or immediately after its commission." (Stephen's History of the Criminal Law of England, p. 193; Chase's Blackstone [4th ed.], pp. 998, 999; 6 C. J. S. Arrest, § 6, subd. c.)

Thus this common-law limitation continued and was unaffected by the ancient statute 34 Edward III, ch. 1, under which the justices were empowered to bind over to good behavior " all them that be not of good fame wherever they be found," and although under those general words, " that be not of good fame," it was held that one might be bound to his good behavior for causes of scandal, contra bonos mores, as well as contra pacem. " Thus also a justice may bind over all night walkers, eaves-droppers; such as keep suspicious company, or are reported to be pilferers or robbers; such as sleep in the day, and wake in the night; common drunkards; whoremasters; the putative fathers of bastards; cheats; idle vagabonds; and other persons whose misbehavior may reasonably bring them within the general words of the statute, as persons not of good fame: an expression, it must be owned, of so great a latitude, as leaves much to be determined by the discretion of the magistrate himself. * * *." (Chase's Blackstone [4th ed.], p. 983.)

In view of this limitation at common law we now consider what constitutes the offense of breach of the peace under the authorities in this State, bearing in mind that the acts referred to in the Code of Criminal Procedure, section 899, are offenses and not crimes. (People ex rel. Burke v. Fox, 205 N. Y. 490; People v. Erickson, 283 N. Y. 210.)

A breach of the peace has been defined as: "A disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." (*People* v. *Most*, 171 N. Y. 423, 429; *People* v. *Perry*, 265 N. Y. 362; *People* v. *Pieri*, 269 N. Y. 315.)

It is true that there are persons classified in section 899 whose activities may constitute a breach of the peace. In such instances there may be summary arrest by a peace officer but such power to arrest summarily flows from the acts constituting breaches of the peace and not by reason of the inclusion of such persons among the classes enumerated in section 899. Thus, for instance, in *People* v. *Iverson* (46 App. Div. 301) the accused was arrested without a warrant " during a fight which occurred in his establishment in the City of Poughkeepsie " and was charged with violation of the Code of Criminal Procedure, section 899, subdivision 4.

The offense committed by the respondent is that he had no visible profession or calling by which to maintain himself, but did so for the most part by gaming. This did not constitute a breach of the peace within the meaning of the authorities cited *supra*. It was, therefore, incumbent upon the police officer, since summary proceedings of this nature before the magistrate are in derogation of the common law (Chase's Blackstone [4th ed.], pp. 991, 992), to obtain a warrant of arrest upon complaint on oath and since the procedure for bringing such an offender before the magistrate was prescribed solely by statute, no jurisdiction could be obtained by the magistrate except by the process prescribed.

The judgment should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Judgment affirmed.