Nolan, J.
It is conceded that the defendant, a peace officer, on October 12, 1940, without a warrant, arrested the plaintiff, and compelled him to accompany defendant to the Nyack police station,, where a summons was served on him, directing him to appear before a Police Justice, to answer, a charge of violating subdivision 5. of section 86 of the Vehicle and Traffic Law, which provides: ‘ ‘ Any vehicle when left standing parallel to the curb shall be placed as near to the curb as practicable, with both front and rear wheels not more than six inches from the curb.”
It is further conceded that the defendant was not present when the plaintiff placed his car in the position in which the defendant observed it and did not see the plaintiff place his car in that position. The defendant pleads, as a defense, that on the occasion mentioned the plaintiff had committed, in his presence, a traffic infraction, in violation of subdivision 5 of section 86 of the Vehicle and Traffic Law, and that defendant acted thereon in the performance of his duty. .
*17 The evidence establishes that the plaintiff, on the occasion in question, left his automobile standing on a public highway, in a position which impeded traffic, with the right front wheel near the curb, and the right rear wheel about three feet from the curb.
.Plaintiff contends that he committed no traffic infraction, since his car was not parallel to the curb, that his arrest was not legal if he did commit such an infraction, since a traffic infraction is not a crime, nor a breach of the peace, that in any event, the infraction, if any, was not committed in the presence of the defendant, and that even if the arrest by defendant was legal when originally made, the failure of the defendant to take plaintiff before a magistrate rendered such arrest illegal from the beginning.
The offense for which the plaintiff was arrested is not a crime, (Vehicle and Traffic Law, § 2, subd. 29; Penal Law, § 2) and it is extremely doubtful that it was ever the intention of the Legislature to make such an offense a crime, except on a third conviction. (See Vehicle and Traffic Law, former § 93.) Except when a felony has been committed, the right of summary arrest is given to a peace officer only when a crime has been committed or attempted in his presence. (Code Crim. Pro., § 177.) In all other cases where a crime below the grade of felony has been committed, no arrest may be made until an information has been laid before a magistrate, and a warrant issued, and the magistrate may, in certain cases, issue a summons, instead of a warrant. (Code Crim. Pro., §§ 148, 149.) Insofar as it gives to a peace officer the right of arrest for any crime committed in his presence, section 177 of the Code of Criminal Procedure is in derogation of the common law, since the common law did not authorize the summary arrest of persons guilty of misdemeanors, except in cases of actual breach of the peace, either by an affray or by violence to an individual. In such cases the arrest was made, not so much for the purpose of bringing the offender to justice as in order to preserve the peace. (People v. Phillips, 284 N. Y. 235.) Here it is not claimed, nor was there any charge made that plaintiff was engaged in a breach of the peace. If such had been the case, the right and duty to arrest summarily would have existed, not by reason of the fact that the acts complained of constituted a violation of section 86 of the Vehicle and Traffic Law, but by reason of the fact that such acts constituted a breach of the peace. (People v. Phillips, supra.) Since the arrest was made, however, for an offense which was not a crime, and which is not *18 claimed to have been committed under circumstances amounting to a breach of the peace, it follows that the arrest was unlawful.
The provisions of subdivision 29 of section 2 of the Vehicle and Traffic Law, which are invoked by the defendant, furnish no authority for an arrest for a traffic infraction without a warrant. It is provided by that section that: “ Courts and judicial officers heretofore exercising jurisdiction over such acts and violations as misdemeanors or otherwise shall continue to exercise jurisdiction over traffic infractions as herein defined, and for such purpose such acts and violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors, * * * shall apply to traffic infractions ”. That section preserves the right of magistrates to issue warrants for the arrest of persons accused of such violations, and of the courts to hear and determine charges of such violations. The summary arrest, however, of a person charged with such a violation, is no part of the exercise of jurisdiction by a court or judicial officer. Judicial officers exercise jurisdiction in such matters by the issuance of warrants, or other process, or on applications for admission to bail. Courts exercise jurisdiction by hearing and determining charges, when defendants are produced before them.
Police officers are not without power to enforce the law, in eases of traffic infractions, committed in their presence. If the infraction is committed under such circumstances as to constitute a breach of the peace, a summary arrest may be made. If it is not so committed, the requirements of law enforcement should be satisfied by the issuance of a summons, or if the defendant shall not appear, by the issuance of a warrant, upon application to a magistrate.
In view of the foregoing conclusions, a determination of the other questions presented is not considered necessary.
The parties have stipulated that if plaintiff is entitled to judgment, only nominal damages shall be assessed. Judgment is therefore directed in favor of the plaintiff, and against the defendant, in the sum of six cents.