Desmund, J.
(dissenting). Defendant, an officer in the State Police, has been held liable for damages for illegal arrest because when taking plaintiff, a motorist, into custody without a warrant defendant refused to tell plaintiff “ the cause of the arrest ” (Code Crim. Pro., § 180). The judgment should be affirmed. *480 The applicable statute and the case law forbid and make actionable so gross a violation of a citizen’s rights.
The statutory prohibition of arrest without stating “ cause ” is in section 180 of the Code of Criminal Procedure (supra) which, including its heading, is as follows: “ 180. Must state his authority, and cause of arrest, except where party is committing felony or is pursued after escape. When arresting a person without a warrant the officer must inform him of the authority of the officer and the cause of the arrest, except when the person arrested is in the actual commission of a crime, or is pursued immediately, after'an escape.”
The statute has been in that exact form and wording since it came into existence as part of the 1881 Criminal Code (see L. 1881, eh. 442). It cannot mean other than what it says: that a person who like this plaintiff is arrested without a warrant must be told the cause of his arrest ‘ ‘ not only that he may know whether he is bound, to submit, but also that he may know what measures to take to regain his liberty ” (People v. Marendi, 213 N. Y. 600, 610). Plaintiff, after his chauffeur’s license and automobile registration had been taken from him by defendant and after defendant had several times refused to inform plaintiff of the cause of the detention, was required by defendant (see Code Grim. Pro., §§ 167, Í71) to drive to the home of a Justice of the Peace. There plaintiff was charged with speeding (Vehicle and Traffic Law, § 56, subd. 3), was tried and adjudged guilty and paid a fine. It would be hard to find a plainer case of a violation by a police officer of the language and spirit of section 180 (supra).
The exception in section 180 (supra) cannot help defendant. As expressed in the title, the exception is: “ where party is committing felony ”. In the body of the statute the wording is slightly different: “ when the person arrested is in the actual commission of a crime ”. That verbal difference has been present since the statute was first enacted in 1881. If there be an ambiguity, the wording of the title may be used to get at the general meaning (People v. O'Brien, 111 N. Y. 1, 59, 60), and that general meaning is patent. Clearly, the exception applies only to an ‘1 overt act of criminality” (Snead v. Bonnoil, 49 App. Div. 330, 333, affd. 166 N. Y. 325 and cited with approval in the Marendi opinion in this court, supra, p. 610). Historically and as a matter of common sense *481 and justice, the exception is applicable to cases of necessity only, that is, grave crimes or public disorders or breaches of the peace where there can be no uncertainty as to the “.cause” (see Chase’s Blackstone [4th ed.], pp. 998-999; 1 Alexander on Arrest, § 93; Butolph v. Blust, 5 Lans. 84; Hennessy v. Connolly, 13 Hun 173; People v. Phillips, 284 N. Y. 235, and authorities cited therein; Nephew v. State of New York, 178 Misc. 824, Dye, J.). Therefore, the exception has no reasonable pertinence to a case like the present one. Plaintiff, licensed by the State to drive, was driving his car on a public highway in the daytime. His liberty could be curtailed not by authority of the police but by authority of law only. Halted in his peaceful journey, he could not know for which of the numerous possible infractions of law he was being detained. Indeed, he might have been flagged down as part of a police investigation into a hit-and-run accident or an automobile theft, etc. etc.
J Even if we take most literally the word “ crime ” in the excepting clauses of section 180 {supra), defendant is in no better position. Speeding is not a “ crime ” for any purpose but a “ traffic infraction ” only (Vehicle and Traffic Law, § 2, subd. 29; Penal Law, § 2; Civ. Prac. Act, § 355). And the last sentence of subdivision 29 of section 2 of the Vehicle and Traffic Law {supra) has nothing to do with our question since it means only that for purposes of jurisdiction and procedure of ‘ ‘ courts and judicial officers ”, traffic infractions continue to be handled like misdemeanors (but are not such for any other purpose).
Since this arrest was held illegal because of failure to inform only, we are not directly concerned with the lack of a warrant. Authority in certain situations to arrest without a warrant is found in section 177 of the Code of Criminal Procedure and subdivision 5-e of section 70 of the Vehicle and Traffic Law. Whether such authorization covers this present case need not be decided (for an able discussion of that question, see Justice Nolan’s opinion in Breland v. Gray, 2 Misc 2d 15). Defendant has been held in damages not because, he had no warrant, but because he refused to tell plaintiff the cause of arrest.
Section 180 {supra) imposed no heavy burden on defendant but it confirmed in plaintiff a valuable and important right which was here deliberately denied to him.
The judgment should be affirmed, with costs,
*482 Froessel, Van Voorhis and Burke, JJ., concur with Fuld, J.; Desmond, J., dissents in an opinion in which Conway, Ch. J., and Dye, J., concur.
Judgment of the Appellate Division and that of the Trial Term reversed and the complaint dismissed, with costs in all courts.