Archibald C. Wemple, J.
The defendant was arrested in Central Park, Schenectady, New York, on three charges: disorderly conduct, resisting an officer and assault 3d, all allegedly committed on the night of July 6,1957 when there was a so-called block dance held at the park, at which a large number of young people were present.
The record consists of 493 pages of testimony, cross-examination, argument of counsel, motions, summations and charge.
Although in this lengthy tome of words there may be raised many legal points for review, the main question in this appeal boils down to a question of whether the defendant had a right to resist arrest and whether the arrest was an illegal arrest. It is patently obvious that the defendant was not guilty of resisting arrest if the arrest in this instance was illegal.
The case at bar can be distinguished from some of the cases cited by the defendant’s counsel in his memorandum of law. The testimony raises a question of whether or not the police officer identified himself as a law-enforcement officer, either by word, badge or other form of identification. It is reasonable that if the officer failed to establish his identity sufficiently, the defendant might have been within his right as a citizen to resist arrest by an unidentified person. The court below might well have charged the jury to pass upon the question of identification by the officer. The trial court might have ruled, also, upon the legality of the arrest which followed.
Another major point brought out on this appeal by the defendant’s attorney revolved about the testimony of the first witness for the People, one Samuel Musto, who “set the scene” by describing in generalities the happenings at the park on the night of the arrest. He testified as to large numbers of young people, fights, break-up of gangs, etc., but failed to connect up this defendant with any such events. This may have created an atmosphere of prejudice, the degree of which and the effect of which upon the jury is unknown. Suffice it to say that prejudice in the minds of the jury against this defendant might have resulted therefrom. In the American tradition of a fair trial, we must, at all costs, guard against the infiltration of prejudice in our court proceedings.
The long record herein has been carefully read. The cases cited by the defendant’s counsel have been reviewed. Many questions of laiv have been raised and it is impossible to comment upon or pass upon all the matters raised on this appeal. This court summarizes its review in stating that there are errors of law sufficient to warrant a reversal of the verdict of the court below. Specific reference is made to the court’s ruling on *963 motion to strike out the testimony of witness Musto, the court’s refusal to charge as requested by defendant’s counsel and the possible cloud of prejudice referred to above.
Upon the errors stated and upon other grounds not specified, this court finds that the ends of justice will be best served if the conviction of August 23, 1957 be vacated and set aside and the defendant granted a new trial. It is so ordered.
Submit order accordingly.