THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE B. McNEIL, Appellant.

First Department, March 24, 1964.

*Ivan A. Michael* for appellant.

*Walter E. Dillon* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

*Per Curiam.* Defendant was arrested by a uniformed police officer for "jaywalking" in violation of subdivision C of section 42 of the Traffic Rules and Regulations of the City of New York. A mild argument ensued and the additional charge of disorderly conduct was placed against defendant at the time of his arrest.

Appellant was placed in the rear of a police car and transported some four or five blocks to the precinct station. Some 15 minutes had then elapsed since defendant had been seen "jaywalking". Defendant was ordered out of the vehicle by the arresting officer and at first refused. When he did get out he struck the officer twice with his clenched fist. An additional charge of felonious assault was then placed against appellant.

Upon a combined trial of the lesser charges and preliminary examination of the felony count defendant was convicted of the "jaywalking" charge, acquitted of disorderly conduct and the felony charge was reduced to assault, third degree, Upon appeal the "jaywalking" conviction was reversed and the complaint dismissed upon a finding that the guilt of the defendant had not been established beyond a reasonable doubt.

The present appeal grows out of an information charging defendant in four counts of assault, third degree, and violations of sections 1824, 1851 and 1825 of the Penal Law. Following a trial appellant was convicted of the counts of assault, third degree and violation of section 1825 in that he resisted by force and violence a police officer in the performance of his duty.

Defendant contends that his prior acquittal of both "jaywalking" and disorderly conduct for which he was arrested "established the arrest to have been unlawful, and he was therefore entitled to resist such an arrest with reasonable force (*People* v. *Cherry,* 307 N. Y. 308)." (*People* v. *Dreares,* 15 A D 2d 204, 206, affd. 11 N Y 2d 906.) We do not agree with this contention. Conceding that the arrest was unlawful defendant had the right to resist and use "force and violence" against the officer "in preventing or attempting to prevent an offense against his person" provided such "force or violence used [was] not more than sufficient to prevent such offense" (Penal Law, § 246, subd. 3).

But the right to employ such combative tactics must be found to terminate at some point before the arraignment of a defendant in court when the proceeding becomes valid without regard to the legality of the arrest (*People* v. *Iverson,* 46 App. Div. 301; *United States of Amer. ex rel. Farnum* v. *McNeill,* 157 F. Supp. 882, 886). In other words, an illegal arrest may properly be resisted but it does not clothe the one wrongfully detained with the right to continue indefinitely an assaultive course of conduct. The acts of appellant fell within the single limitation of the right to resist an unlawful arrest " that the victim may not pursue his counterattack merely for the sake of revenge or the infliction of needless injury " (*People* v. *Cherry, supra,* p. 311).

The judgment of conviction should be affirmed.

BOTEIN, P. J. (concurring in result). I vote to affirm, although I am not prepared to say that the officer's detention of defendant had progressed to a point where its termination by the use of reasonable force became improper. By viewing " the physical necessities of the situation presented " (*People* v. *Cherry,* 307 N. Y. 308, 311), as this record discloses them, triers of the facts might fairly conclude that flight was as available as force and that the latter was chosen " merely for the sake of revenge or the infliction of needless injury " (*id.*). Defendant's testimony that he at no time used force hardly fortifies a contention that he used it of necessity.

BREITEL, J. (dissenting). Defendant, because he had been illegally arrested, had the right to resist arrest and the false imprisonment which ensued (Penal Law, § 246, subd. 3; Restatement, Torts, § 68). The illegal arrest and false imprisonment continued at least until arraignment (*Warner* v. *State of New York,* 297 N. Y. 395, 400).

This was not a case of excessive or protracted counterattack to which the court referred in *People* v. *Cherry* (307 N. Y. 308, 311). On the prosecution evidence, defendant is entitled to be free of the conviction. The police officer said defendant struck him with his fist only when the policeman ordered him out of the police automobile and into the police station. The civilian witness for the prosecution testified that defendant struck the officer only when the defendant was ordered into the station house. The policeman sustained no injuries. It was in the station house, according to defendant, that defendant sustained a fractured jaw but the police never claimed that this was the place or the occasion of resistence to the arrest or confinement. It is difficult to see how this record would support a finding

4

that defendant was the one who was guilty of pursuing a counterattack for the "sake of revenge or the infliction of needless injury."

Accordingly, I dissent and vote to reverse the judgment of conviction and dismiss the information.

RABIN, STEUER and BASTOW, JJ., concur in *Per Curiam* opinion; BOTEIN, P. J., concurs in result, in opinion; BREITEL, J., dissents and votes to reverse, in opinion.

Judgment of conviction affirmed.