Morris E. Spector, J.
On this writ of habeas corpus, the relator appearing pro se, has raised the issue that his arrest was illegal and hence the Criminal Court of the City of New York did not acquire jurisdiction of him.
The relator was arrested by a police officer and charged with the offense of disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law. Said section provides: “ Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: * # * 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct or be offensive to others ”.
The officer charged that relator was walking along a public street, acting in an irrational manner, and carrying a rifle horizontally on his shoulder. When stopped and questioned by the officer, he refused to answer questions concerning the rifle, except to give his name and address. On further questioning he became loud and abusive and caused a large crowd to collect. Thereafter he was placed under arrest, and then assaulted the officer.
Section 177 of the Code of Criminal Procedure provides that a peace officer may arrest for a crime or felony committed in his presence; it does not specify an offense.
It is relator’s contention that the police officer could not make a summary arrest for the offense of disorderly conduct; that he was limited to issuing a summons or procuring a warrant.
With such contention this court is not in accord. In People v. Phillips (284 N. Y. 235), the court stated (pp. 237-238):
“ The right of a peace officer at common law to arrest summarily was a limited one. ‘ The common law did not authorize the arrest of persons guilty or suspected of misdemeanors, except in cases of an actual breach of the peace either by an affray or by violence to an individual. In such cases the arrest had to be made not so much for the purpose of bringing the offender to justice as in order to preserve the peace and the right to arrest was accordingly limited to cases in which the person to be arrested was taken in the fact or immediately after its commission. ’ [Citing authorities.] * * * In view of this limitation at common law we now consider what constitutes the offense of breach of the peace under the authorities in this *296 State, bearing in mind that the acts referred to in the Code of Criminal Procedure, section 899, are offenses and not crimes. # # *
“ A breach of the peace has been defined as : ‘A disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community.’ [Citing authorities.]
ii It is true that there are persons classified in section 899 whose activities may constitute a breach of the peace. In such instances there may be a summary arrest by a peace officer but such power to arrest commonly flows from the acts constituting breaches of the peace and not by reason of the inclusion of such persons among the classes enumerated in section 899.”
Thus, the Court of Appeals recognized that a summary arrest could be made for offenses enumerated in section 899, if the acts constituted a breach of the peace.
So, too, the United States Supreme Court. In a case where a summary arrest was made for a violation of this same section (§ 722, subd. 2), that court affirmed a decision of the Court of Appeals which had affirmed a conviction of a defendant (People v. Feiner, 300 N. Y. 391), stating: “ It is one thing to say that the police cannot be used as an instrument for the suppression of unpopular views, and another to say that, when as here the speaker passes the bounds of argument or persuasion and undertakes incitement to riot, they are powerless to prevent a breach of the peace. Nor in this case can we condemn the considered judgment of three New York courts approving the means which the police, faced with a crisis, used in the exercise of their power and duty to preserve peace and order.” (Feiner v. New York, 340 U. S. 315, 321.)
It is the right and the duty of peace officers to maintain the public peace and to prevent crime. This has been codified in section 435 of the New York City Charter which provides in part: “ The police department and force shall have the power and it shall be their duty to preserve the public peace, prevent crime, detect and arrest offenders * * * and for these purposes to arrest all persons guilty of violating any law or ordinance for the suppression or punishment of crimes or offenses.”
It would indeed be incongruous to hold that a peace officer observing acts by a person who intended to breach the peace or whose conduct tended to breach the peace, is powerless to stop such action but must be limited to serving a summons on the offender or procuring a warrant for Ms arrest.
*297 Accordingly, this court holds that the summary arrest of the relator for the offense of disorderly conduct committed in the arresting officer’s presence, which conduct constituted a breach of the peace, was a lawful arrest. (Cf. People v. Phillips, supra.)
Therefore, the writ is dismissed and the relator remanded.