Nathan B. Sobel, J.
There is raised in this prohibition proceeding an issue of jurisdiction “of the person ” in criminal proceedings which has troubled all courts for many years.
In order that an offense may be prosecuted and judgment given, it is necessary that the court have jurisdiction doth of the subject matter and of the person. Jurisdiction of the subject matter is derived from statute; it can never be acquired by waiver or consent. Jurisdiction of the person may be obtained however by valid arrest with or without a warrant or by waiver or by consent.
The issue raised in this petition is whether a court may obtain jurisdiction of the person as a result of an unlawful arrest when the defendant seasonably objects, i.e., neither waives nor consents.
Petitioners here are a group of reputable citizens who by reason of service or profession are leaders in their community. They chose to express their discontent with the operation of our schools by a three-day ‘' sit-down ’ ’ in the executive meeting room of the Board of Education. Such conduct constitutes either unlawful civil disobedience or lawful protest, depending of course on the facts and the law but also on one’s point of view. In no sense however are they “ criminals ”, but unhappily the legal proposition which they advance must necessarily ‘ ‘ benefit ’ ’ as well actual criminals including robbers, burglars and rapists.
In this article 78 proceeding petitioners seek to prohibit the District Attorney and the Criminal Court from “ proceeding without jurisdiction” (CPLB 7803, subd. 2), i.e., because their arrest was unlawful, with the prosecution of an information charging them with the ‘ ‘ offense ” of “ disorderly conduct ’ ’ (old Penal Law, § 722, subd. 2).
Petitioners were arrested on December 21, 1966, on the third day of the sit-down, not by a police officer but by a “ private person” (an employee of the Board of Education) .for the “ offense ” of disorderly conduct committed in his presence. Before the recent amendment to the citizen’s arrest statute (see Code Grim. Pro., § 183 prior to its amendment by L. 1967, ch. 681, eff. Sept. 1, 1967) a private person could only arrest *70 for a “ crime ’’which by definition (old Penal Law, § 2) included felonies and misdemeanors but not “ offenses.”
It is this citizen’s arrest for the “offense” of disorderly conduct which petitioners contend was unlawful.
There are a few preliminary problems raised in the petition which require brief discussion.
Respondents questioned the right of Special Term to grant a writ of prohibition in the circumstances of this criminal case. I do not doubt that right. (Matter of Martinis v. Supreme Court, 20 A D 2d 79, 86, revd. on other grounds 15 N Y 2d 240; Matter of Fenster v. Criminal Ct. of City of N. Y., 46 Misc 2d 179, and cases cited.) However during oral argument the parties consented that I meet the merits without considering that threshold question.
Petitioners request that I order a trial of issues of fact (CPLR 7804, subd. [h]) to determine whether the alleged “breach of the peace ” was in fact committed “ in the presence ” of the arresting citizen. Under the circumstances of this case, this would be in practical effect a determination of guilt or innocence since the commission of the offense was contemporaneous with the arrest. I doubt very much that the practice provision encompasses trial of issues of fact in prohibition proceedings. I would believe that it is restricted to the review of " determinations " characterized as “ administrative.”
Petitioners also raise some First Amendment issues. But without resolution of issues of fact, I cannot consider these. The statute defining disorderly conduct is not on its face violative of any of the First Amendment freedoms by reason of vagueness or overbreadth; nor does it vest in the courts unbridled discretion to limit their exercise. (Cantwell v. Connecticut, 310 U. S. 296; Cox v. Louisiana, 379 U. S. 536; cf. Walker v. City of Birmingham, 388 U. S. 307.) As construed or applied by a court to facts revealed at a trial, it may very well turn out that the statute in fact interferes with petitioners’ constitutional rights to communicate ideas by “nonverbal expression.” (People v. Martin, 15 N Y 2d 933, cert. den. 382 U. S. 828; People v. Penn, 16 N Y 2d 581, cert. den. 383 U. S. 969; People v. Street, 20 N Y 2d 231; Edwards v. South: Carolina, 372 U. 8. 229; Adderley v. Florida, 385 U. S. 39; Walker v. City of Birmingham, 388 U. S. 307, supra.) But resolution of these constitutional questions must await the trial.
Petitioners also raise Fourth Amendment issues. A lawful arrest is, of course, essential to a constitutional incidental search. (People v. Loria, 10 N Y 2d 368, 373.) Petitioners *71 contend that an unlawful arrest is per se a violation of the Fourth Amendment. There have been some recent ‘ ‘ indications ” (Wong Sun v. United States, 371 U. S. 471, 481; Collins v. Beto, 348 F. 2d 823) that an unlawful arrest is an unreasonable “ seizure ” of the “ person.” But this would apply solely to arrests without “ probable cause ” not to arrests violative of State statutory standards such as at issue here. An arrest by a police officer or a private person for a misdemeanor or offense not committed “in their presence” violates no constitutional standard, State or Federal. Several State statutes authorize such arrests for “ past ” misdemeanors.
Two issues only need to be considered.
1. The right of a private person to arrest for an “ offense ” of disorderly conduct committed in his presence.
2. The power of a court to proceed with a prosecution after there is “ seasonably raised ” objection to the court’s jurisdiction of the person on the ground of unlawful arrest.
I.
I consider briefly the contention of the petitioners that a “ private person ’’was not authorized to arrest for an “ offense.”
Petitioners are correct. On the date in issue (December 21, 1966) no statute or common-law rule gave to “ private persons ” the right to arrest for any “ offense ” including the offense of disorderly conduct constituting a breach of the peace (old Penal Law, § 722). The citizen’s arrest provision of section 183 of the Criminal Code was, however, amended in 1967 to permit such an arrest (L. 1967, ch. 681, § 41). That both the old and new provisions were the result of legislative omission or indiscrimination does not affect the result.
When the Penal Code and the Criminal Code were adopted in 1881 (L. 1881, ch. 676; L. 1881, ch. 442) all “crimes” were either felonies or misdemeanors. (Penal Code, § 4.) Disorderly conduct was a misdemeanor. (Penal Code, § 675, as amd. by L. 1891, ch. 327; see, also, §§ 448, 451.) There were no “ offenses ” in the Penal Code.
Understandably, the arrest statutes included in the contemporaneously adopted Criminal Code provided only for arrests for “crimes ” — not for “ offenses.”
The first *1 offense ’ ’ below the grade of misdemeanor added to the Penal Law was “ disorderly conduct ” (Penal Law, § 722, added by L. 1923, ch. 642, as amd. by L. 1924, ch. 476). The Legislature neglected however to amend the Criminal Code’s arrest statutes to include ‘ ‘ offenses. ’ ’ No serious problem was created *72 for police officers since many local laws, charters and ordinances authorized local police to arrest for “breaches of the peace ” which included “disorderly conduct.” (See old Penal Law, § 40; New York City Charter, § 435 [arrest for crimes and offenses]; Administrative Code of City of New York, § 435-11.0 [police shall possess common-law powers of constables].) But a private person was not authorized by any statute to arrest for “ offenses.” This was the law when the instant offense was committed and remained the law until the 1967 amendment of section 183. That amendment was intended solely to conform the Criminal Code with the new definitions in the Revised Penal Law (Penal Law, § 10.00). (But obviously it goes much too far in the opposite direction for it gives to private citizens the right to arrest for the pettiest of “violations” committed in their presence.)
At common law police officers and citizens could arrest for breaches of the peace committed in their presence. (People ex rel. Kingsley v. Pratt, 22 Hun 300; People v. Phillips, 284 N. Y. 235, 237; Carroll v. United States, 267 U. S. 132, 157.) However there is no common-law right to arrest in New York since the adoption of the Criminal Code of 1881. This is manifest from the Report of the Commissioners on the Criminal Code [1849] with particular reference to the “ Comment ” preceding the arrest statutes. (See, also, Judge Fboessel’s discussion in his dissent in People v. Foster, 10 N Y 2d 99,104.) Clearly the new arrest statutes pre-empted the field, to the exclusion of all such common-law rights.
The 11 arrest ’ ’ in this case was unlawful since not authorized by any statute.
n.
I consider the effect of the unlawful arrest on the right of the Criminal .Court to proceed with the prosecution.
Quite recently the Court of Appeals held: “ The validity of an arrest is immaterial to the validity of the subsequent conviction when, as here, the trial court had jurisdiction of the offense charged and acquired jurisdiction of defendant’s person by the filing of an information and cm appearance by defendant ’ ’. (People v. Grant, 16 N Y 2d 722, 723.)
The Grant case and dozens of others in this and other jurisdictions state the general rule. Jurisdiction of the person may be obtained, by consent or by waiver.
A defendant who proceeds to trial may not raise the issue of unlawful arrest for the first time on the trial; nor may he do so on a subsequent appeal or postconviction collateral attack. He has waived the objection.
*73 The issue must be seasonably raised before trial. (People v. Wilson, 106 Cal. App. 2d 716, cert. den. 342 U. S. 915.) The controlling criterion, as to “ when ’ ’ before trial, is whether defendant raised any question or sought any relief which could be granted only on the premise that the court had jurisdiction of the person. Any pretrial conduct consistent with jurisdiction of the person is deemed a consent to jurisdiction. This is the penalty for inconsistency.
A few of the cases discuss waiver or consent by conduct. (People v. Cook, 45 Hun 34; People v. Guatt, 70 Misc. 453, 456; People v. Wilson, supra; Ringer v. Municipal Ct., 175 Cal. App. 2d 786.) Others like Grant (supra) simply state the general rule. (People v. Iverson, 46 App. Div. 301; People ex rel. Wilson v. Warden, 123 App. Div. 289; People ex rel. Jennys v. Brennan, 3 Hun 666; Gill v. People, 3 Hun 187; Son v. People, 12 Wend. 344; Matter of Blum, 9 Misc. 571; People v. Burns, 19 Misc. 680; People v. Jeratino, 62 Misc. 587; People v. Dennis, 132 Misc. 410; People ex rel. Mertig v. Johnson, 186 Misc. 1041; People v. Mason, 198 Misc. 452; Stallings v. Splain, 253 U. S. 339; Matter of Johnson, 167 U. S. 120; Keegan v. United States, 385 F. 2d 260; Pon v. United States, 168 F. 2d 373; State v. Wharton, 194 Kan. 694; State v. Garcia, 76 N. M. 171; Pillsbury v. State, 31 Wis. 2d 87; Henderson v. Warden, 237 Md. 519; Krauter v. Maxwell, 3 Oh. St. 2d 142.)
The cases which find waiver or consent to jurisdiction under the general rule do not reach the issue before me. In the instant case it is conceded that the petitioners seasonably raised the issue of their unlawful arrest. (Few such issues arise because when there is such seasonable objection, the “ defect” in the arrest may usually be corrected by the simple expedient of obtaining a warrant of arrest and making a lawful rearrest.)
The very few cases which reach the issue are evenly divided.
Some interesting and well-reasoned opinions in other jurisdictions hold that a seasonably raised objection to jurisdiction of the person voids a later conviction. (People v. Honaker, 281 Ill. 295; Town of Honea Path v. Wright, 194 S. C. 461; City of St. Paul v. Webb, 256 Minn. 210.) But others reach the opposite conclusion. (Nelson v. State, 115 Neb. 26; Cofer v. Oklahoma City, 277 P. 2d 204 [Okla. App.]; Commonwealth v. Gorman, 288 Mass. 294.)
The comment of the Massachusetts Supreme Court in Gorman (supra, pp. 300-301) is worth noting: “It is true that earlier cases in this court are not fully decisive, for in them the defendant had waived the point by pleading to the merits and going to trial, instead of saving the point by a plea such as was filed in *74 the present case [citing cases] * * * we think it is the law, that where a defendant is physically before the court upon a complaint or indictment * * * the invalidity of his original arrest is immaterial, even though seasonably raised.” The Massachusetts court gave no reasons. It is of interest however because it cited two Hew York cases, neither of which, in my opinion, meets the issue.
People v. Eberspacher (79 Hun 410) is the most frequently cited case on the problem in this jurisdiction. The Second Department there held (p. 411): “ We think that the point as to the defendant’s arrest does not affect the validity of his trial and conviction. The complaint was made and a warrant properly issued, and the court had jurisdiction of the offense charged. * * * The general rule is that it is no defense to a criminal
prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court.” Eberspacher however turns upon geographical jurisdiction not jurisdiction of the person. There was in that case a validly issued warrant of arrest which, if properly executed within the county, would have resulted in jurisdiction of the person. But the defendant was " arrested ’ ’ outside the county and forcibly ‘ ‘ brought within the jurisdiction.” But once brought within the jurisdiction, the validly issued warrant was effective to confer upon the court jurisdiction of his person. Many cases agree with this rule. (Frisbie v. Collins, 342 U. S. 519; Pennsylvania ex rel. Master v. Baldi, 340 U. S. 866; Balbo v. People, 80 N. Y. 484, 498, 499.) Eberspacher, however, is simply no authority for the principle for which it is frequently cited.
The second case cited by the Massachusetts Supreme Court, People ex rel. Lawton v. Snell (216 N. Y. 527) similarly concerns an “ arrest ” in another county and forcible return to a court having jurisdiction of the person. That conviction was reversed for unrelated reasons.
A later case, People v. Phillips (284 N. Y. 235), frequently cited in petitioners’ briefs, also does not meet the issue. This was a “disorderly person” proceeding, one of the “special proceedings ” in part VI of the Criminal Code (like ‘ ‘ bastardy,” “ vagrancy,” “ support of the poor ”) which is not a criminal prosecution but a “ binding over ” proceeding to keep the peace or for support. Phillips holds that the special statutory procedures must be observed and vacated the conviction for that reason — not becáuse of the unlawful arrest.
In fact no appellate court in this jurisdiction has flatly decided the precise issue before this court.
*75 Three lower courts have done so. Two of these cases represented appeals from Justices’ Courts and held that a seasonably raised and overruled objection to an unlawful arrest does not void the resulting conviction. (People v. Park, 92 Misc. 369 [violation of city ordinance]; People v. Baxter, 178 Misc. 625 [parking infraction].) The third case, like the instant case a petition for a writ of prohibition (Matter of Rose v. McKean, 190 Misc. 982) held that unlawful arrest though seasonably raised would not require dismissal of the prosecution. The court recognized however that (p. 984) “ except for the dictum in People v. Eberspacher * * * no case has been called to the court’s attention which makes jurisdiction depend upon the manner of arrest.”
This is the state of the law today on the subject.
I lean toward the test expressed by the Massachusetts Supreme Court. (Commonwealth v. Gorman, 288 Mass. 294, supra.) I would impose only the test of “ physical presence.” Once a defendant is physically before the court, irrespective of how he is brought there, I hold that the court obtains jurisdiction “ of the person.”
I so hold — not because appellate precedent commands — but because of practical considerations.
As noted briefly supra, most “ defects ” in arrests can be corrected after objection is seasonably raised.
There are rarely serious “ defects ” in misdemeanor arrests, as the instant case demonstrates. The unlawful arrest in this case may be corrected by the simple expedient of applying for a warrant. A Magistrate may issue a warrant of arrest for ‘ ‘ offenses ’ ’ as well as ‘1 crimes ’ ’ and whether or not committed “ in the presence ” of the complaining officer or citizen (Code Grim. Pro., § 150).
The sole “ defect ” which may be raised in felony arrests is want of probable cause. When a police officer “ arrests ” without probable cause, it is not because he has ‘ ‘ blundered ’ ’ as Judge Cabdozo once suggested. It is because he “hopes ” to obtain additional evidence in the nature of eyewitnesses or possibly a confession before the charge is examined. If he is successful he may make a lawful rearrest with or without a warrant. It is pointless to have further prosecution or ultimate conviction depend on whether a police officer or a prosecutor is alert to such procedural niceties. If he is “ unsuccessful ” in obtaining the necessary probable cause — and most of the time he is judging from the high mortality of felony arrests — the charge will be dismissed for lack of evidence rather than because of the illegality of the arrest.
*76 To uphold the petitioners ’ contention would permit immunity to be conferred for a failure to observe procedural rather than substantive rules.
In summary:
I find the arrest unlawful.
I hold that a court obtains jurisdiction ‘ ‘ of the person ’ ’ when the defendant physically appears before the court; that an unlawful arrest does not deprive the court of jurisdiction though objection thereto is seasonably raised.
Prohibition is denied; enter judgment accordingly.
Probably in the interest of justice this minor prosecution should nevertheless be discontinued. It presents close issues of fact which will require an extended trial. Important constitutional precedents may be created which will plague more serious prosecutions. The time of the prosecutor and the courts had better be devoted to the latter.