OPINION OF THE COURT
Louis H. Mariani, J.
Defendant is charged with resisting arrest (Penal Law, § 205.30), and makes this motion for dismissal of the accusatory instrument on the ground that the underlying arrest was unlawful and, therefore, the resisting arrest charge must fail.
The charge arises from the following alleged facts. On December 4, 1980, at approximately 9:28 p.m., Officer James Boynton observed a maroon Buick with a wired-on license plate heading west on Warner Avenue in the 100 block. Suspicious of the vehicle because he had noticed that there were no stickers of inspection or. registration on its front window, he proceeded to follow it. Shortly afterward the car pulled to the curb, and two black males alighted from it, one of whom Officer Boynton recognized from previous contact as the defendant. The officer got out of his car and hailed defendant, who was walking away. Defendant began to run, and the officer pursued him to an apartment building at 229 Warner Avenue. Observing fresh snow on the stairs and seeing wet footprints leading to an apartment door on the second floor, the officer tried *575 the door and, finding it unlocked, went in. In the apartment, he saw the defendant, who protested his presence. Officer Boynton then informed the defendant that he was under arrest, at which point defendant allegedly pushed him. Officer Boynton subdued defendant with the aid of two officers who arrived soon after he did, having been summoned earlier by radio and having broken in the downstairs door. Defendant was subsequently charged with operating an unregistered vehicle (Vehicle and Traffic Law, § 401) and with resisting arrest (Penal Law, § 205.30).
Defendant contends that the resisting arrest charge against him must be dismissed, because the underlying arrest was unlawful as violative of his Fourth Amendment rights. If the arrest which supports the resisting arrest charge were indeed unlawful, then the resisting arrest charge must be dismissed. This is not because a person may resist an unlawful arrest by a police officer (forbidden by Penal Law, § 35.27) but because an authorized arrest is an indispensable element of a resisting arrest offense. (See People v Harewood, 63 AD2d 876; People v Ailey, 76 Misc 2d 589; People v Galick, 11 Misc 2d 961.)
The United States Supreme Court in dictum in Coolidge v New Hampshire (403 US 443) indicated that a search or seizure carried out on a suspect’s premises without a warrant is per se unreasonable, unless the police can show that it falls within one of a carefully defined set of exceptions based on the presence of exigent circumstances. This dictum became the holding in Payton v New York (445 US 573) which found New York statutes (CPL 120.80, 140.15) authorizing warrantless arrests in private premises, unconstitutional as violative of the Fourth Amendment. The court held that the police may not, absent exigent circumstances, make a warrantless and nonconsensual entry into a suspect’s home in order to make a routine felony arrest (supra, p 576). If routine felony arrests without a warrant are forbidden, certainly arrests for offenses less serious are even more strongly interdicted.
In the present case, the People suggest that defendant may not have been in his own home when +La aw occurred. In People v Ocasio (106 Misc 2d 138, 141) *576 court found that where there was no evidence that an arrestee was other than a permanent resident at a particular address, it could be considered his home. Moreover, even if the premises where defendant was arrested were not actually his home, the police would still not be allowed to enter them to make an arrest without some authority for their entry. (See the discussion of this point in People v Ocasio, supra, at pp 140-141.)
The People argue that in the instant case defendant’s warrantless arrest and Officer Boynton’s failure to give notice of his authority and purpose when he entered the premises on Warner Avenue were justified by exigent circumstances. The exigent circumstances relied upon were that Officer Boynton was in hot pursuit of a suspect whom he had probable cause to arrest. It is true that Officer Boynton did have authority to arrest defendant in public for a traffic violation, although that is not the recommended procedure for such matters. GPL 140.10 (subd 1, par [a]) authorizes a police officer to arrest a person for “[a]ny offense when he has reasonable cause to believe that such person has committed such offense in his presence”. (See, also, People v Cortes, 86 Misc 2d 155.)
However, it is doubtful, under the circumstances described in Officer Boynton’s affidavit, that hot pursuit was justified. First of all, defendant was probably not aware that Officer Boynton intended to arrest him inasmuch as he was merely being hailed and his offense — even if defendant had been conscious of it — was not the sort that normally results in arrest. In defendant’s mind, he may simply have been in the process of being questioned, for which flight does not constitute a crime. In People v Howard, (50 NY2d 583, 586) the Court of Appeals held that: “An individual to whom a police officer addresses a question has a constitutional right not to respond. He may remain silent or walk or run away. His refusal to answer is not a crime. Though the police officer may endeavor to complete the interrogation, he may not pursue, absent probable cause to believe that the individual has committed, is committing, or is about to commit a crime, seize or search the individual or his possessions, even though he ran away.” (Emphasis added.)
*577 Pursuit, then, is justified only if an officer is endeavoring to complete the arrest of an individual for whom there exists probable cause to believe that he has committed or is about to commit a crime. Since the alleged violation of the Vehicle and Traffic Law constitutes an offense and not a crime, pursuit cannot here be justified. In those cases (e.g., speeding violations) where pursuant has been authorized, the pursuit was not so much to apprehend the wrongdoer, as to halt the wrongdoing, because it posed a danger to the public. This would be consonant with the common law, which “ ‘did not authorize the arrest of persons guilty or suspected of misdemeanors, except in cases of an actual breach of the peace either by an affray or by violence to an individual. In such cases the arrest had to be made not so much for the purpose of bringing the offender to justice as in order to preserve the peace, and the right to arrest was accordingly limited to cases in which the person to be arrested was taken in the fact or immediately after its commission’ ” (People v Phillips, 284 NY 235, 237).
The People’s attempt to distinguish People v Howard (supra, p 587) on the ground that that case dealt with plainclothes police officers in an unmarked car disregards the reported fact that “Officer Brosnan displayed his police shield and said ‘Police Officer. I would like to speak to you’ ”.
That the People’s claim of exigent circumstances is weak in the extreme becomes clear when we consider what are exigent circumstances. In Dorman v United States (435 F2d 385), the court delineated the following factors: (1) that a grave offense is involved, particularly one of violence; (2) that the suspect is reasonably believed to be armed; (3) that there exists not only the minimum of probable cause, but a clear showing of probable cause; (4) that there is a strong showing that the suspect is in the premises; (5) that there is a likelihood that the suspect will escape if he is not swiftly apprehended; (6) that entry is peaceable as it is nonconsensual, although forcible entry is at times permissible; and (7) the time of entry must be considered.
*578 With these factors in mind, we see that the circumstances of the present case could be considered exigent only by abandoning our sense of proportion and disregarding the usual meaning of English words. In the present case, we are dealing with the arrest of a person not for a felony or even a misdemeanor, but for a traffic violation that poses no threat to the health or safety of the public. To justify so great an interference with the rights of an individual, the police must have far greater cause than exists here. We find, therefore, that the arrest of defendant was unlawful because violative of his Fourth Amendment rights under the United States Constitution and that the charge of resisting arrest must be dismissed.